**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SONTERRA CAPITAL MASTER FUND, LTD. and HAYMAN CAPITAL MANAGEMENT, L.P., on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Docket No. 15-cv-5844 |
| - against - | |
| UBS AG, UBS SECURITIES JAPAN CO. LTD., MIZUHO BANK, LTD., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, RESONA BANK, LTD., J.P. MORGAN CHASE & CO., JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, MIZUHO TRUST AND BANKING CO., LTD., THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, THE BANK OF YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, BARCLAYS BANK PLC, BARCLAYS PLC, BARCLAYS CAPITAL INC., CITIBANK, N.A., CITIGROUP INC., CITIBANK JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, LLOYDS BANKING GROUP PLC, HBOS PLC, LLOYDS BANK PLC, ICAP PLC, ICAP EUROPE LIMITED, R.P. MARTIN HOLDINGS LIMITED, MARTIN BROKERS (UK) LTD., TULLETT PREBON PLC, BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., MERRILL LYNCH INTERNATIONAL INCORPORATED, AND JOHN DOE NOS. 1-50, | |
| Defendants. | |

**STIPULATION AND ▓▓▓▓▓▓ PROTECTIVE ORDER GOVERNING**
**MATERIALS PRODUCED BY THE CITI DEFENDANTS**

GEORGE B. DANIELS, District Judge:

Defendants Citigroup Inc., Citibank, N.A., Citibank Japan Ltd., and Citigroup Global

Markets Japan Inc., (collectively the "Citi Defendants") and Plaintiffs in this action have agreed

to the following terms of confidentiality, and the Court having found that good cause exists for

issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this

action, it is therefore hereby ORDERED that any person subject to this order (the "Order")—

including, without limitation, the parties to this action, their representatives, agents, experts and

consultants, all non-parties providing discovery in this action, and all other interested persons

with actual or constructive notice of the Order—shall adhere to the following terms:

    1.    All information of any kind provided by the Citi Defendants in the course of the

pre-trial phase of this action, including, without limitation, written discovery responses and

deposition testimony, shall hereinafter be referred to as "Citi Discovery Material." Any person

subject to this Order who receives from any other person any Citi Discovery Material, including

any party to this action, shall not disclose said Citi Discovery Material to anyone else except as

expressly permitted hereunder.

    2.    All Citi Discovery Material produced or disclosed in connection with this action

shall be used solely for the prosecution or the defense of this action (including any appeal

therefrom) and for no other purpose, including use in other legal actions, present or future.

    3.    Any Citi Defendant may designate any given Citi Discovery Material as

"Confidential" material that consists of:

        a.    financial information not previously disclosed to the public (including,

without limitation, profit and loss reports or estimates, trading positions, transactional data,

liquidity reports, materials related to fees received for services provided, and materials related to employee compensation);

        b.     material not previously disclosed to the public relating to ownership or control of any non-public company;

        c.     business plans, trading strategies, or marketing materials not previously disclosed to the public;

        d.     proprietary business information or communications, or other confidential research, development, or commercial information or communications;

        e.     information for which applicable law—foreign or domestic—requires confidential treatment; or

        f.     any other category of information hereinafter given confidential status by the Court.

        4.     Any Citi Defendants may designate any given Citi Discovery Material as "Highly Confidential" where: (a) the producing Citi Defendant reasonably and in good faith believes that disclosure of the Citi Discovery Material to the full extent otherwise permitted by this Order could result in competitive, commercial or personal harm to any Citi Defendant, or to improper market manipulation; or (b) where such Citi Discovery Material includes information for which applicable law—foreign or domestic—requires confidential treatment, trade secrets within the meaning of FED. R. CIV. P. 26(c)(1)(G), and/or undisclosed financial information of a third party.

        5.     With respect to Confidential or Highly Confidential Citi Discovery Material other than deposition transcripts and exhibits, the producing Citi Defendant and its counsel may designate such Citi Discovery Material as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking "Confidential" or "Highly Confidential" on the Citi Discovery

Material in a manner that will not interfere with legibility or audibility. Deposition testimony and exhibits may be designated as Confidential or Highly Confidential either on the record during the deposition or within thirty (30) days of receipt of the transcript. Until such time period expires without designation having been made, the entire deposition transcript and exhibits shall be treated as Highly Confidential Citi Discovery Material unless otherwise specified in writing or on the record of the deposition by the producing Citi Defendant. If the producing Citi Defendant designates the entire deposition transcript and/or exhibits, or any portion thereof, as Confidential or Highly Confidential, the designated portions of the transcript and/or exhibits shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order" by the reporter.

6.     Any court reporter or videographer who transcribes or videotapes testimony at a deposition in this action containing Confidential or Highly Confidential  Citi Discovery Material shall: (a) certify that he or she has read this Order and manifests his or her assent to be bound thereby by signing Exhibit A, (b) treat copies of any transcript, reporter's notes, videotapes, or any other transcription records as Confidential or Highly Confidential Citi Discovery Material, and (c) deliver any transcript containing Confidential or Highly Confidential Citi Discovery Material only to counsel, the witness or the Court (filed under seal). A party who notices a deposition shall be responsible for notifying any court reporter or videographer of the existence of this Order and obtaining such consent to be bound.

7.     During a deposition, only persons to whom, respectively, disclosure of Confidential or Highly Confidential Citi Discovery Material is permitted under Paragraphs 10 or 11 of this Order shall remain present while Confidential or Highly Confidential Citi Discovery Material is being used or discussed. If, during the course of a deposition, the response to a

question would require the witness to disclose Confidential or Highly Confidential Citi

Discovery Material, the witness may assert the confidentiality of the material as a basis for

refusing to answer only if a person not authorized under, respectively, Paragraphs 10 or 11 of

this Order is present.

        8.      If at any time prior to the trial of this action, a party—other than the Citi

Defendants who produced and originally designated such material—believes that some

portion[s] of Citi Discovery Material were previously produced without a proper designation

(including that the Citi Discovery Material should have been produced with a less restrictive

designation), that party may notify all parties and the producing Citi Defendants in writing, and

such designated portion[s] of the Citi Discovery Material will thereafter be treated as

Confidential or Highly Confidential under the terms of this Order until any dispute about the

proper designation is resolved. In addition, the producing Citi Defendant and the party seeking a

new designation will consult and attempt to agree upon the proper designation. If they are unable

to resolve any dispute about the proper designation of such Citi Discovery Material, counsel for

all affected persons will convene a joint telephone call with the Court to obtain a ruling. Pursuant

to such ruling, the producing Citi Defendant shall provide to each other party replacement

versions of such Citi Discovery Material that bears the new designation within five (5) business

days of agreement upon such designation or resolution by the Court of any dispute or, in the case

of voluminous material or other exceptional circumstances, as soon as is practicable.

        9.      If at any time prior to the trial of this action, a producing Citi Defendant realizes

that some portion[s] of Citi Discovery Material it previously produced was not properly

designated (including being subject to a less restrictive designation), it may so designate by

notifying all parties in writing, and such designated portion[s] of the Citi Discovery Material will

4

thereafter be treated pursuant to the replacement designation. In addition, the producing Citi Defendant shall provide all parties with replacement versions of such Citi Discovery Material that bear the replacement designation within five (5) business days of providing such notice, or, in the case of voluminous material or other exceptional circumstances, as soon as is practicable

10.     Other than the Citi Defendants, no person subject to this Order (including any witness to whom Citi Discovery Material marked "Confidential" ("Confidential Citi Discovery Material") has been provided pursuant to subparagraph (d) below) shall disclose, summarize, describe, characterize or otherwise communicate or make available any of the Confidential Citi Discovery Material to any other person whomsoever, except to individuals described in the below subparagraphs. Any disclosure permitted by this paragraph may be made only to the following persons and only to the extent reasonably necessary to prosecute and defend this action:

a.     parties to this action that have subscribed to this Order or undertaken to apply equivalent protections to those contained herein ("Covered Parties") and, with respect to Citi Discovery Material designated as Confidential that was produced by a non-party, also to such non-party;

b.     Covered Parties' outside counsel and in-house counsel participating in the prosecution and defense of this matter in their roles as lawyers, including any paralegal, translator, administrative assistant and/or other assistant employed by such counsel and involved in this matter;

c.     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

5

      d.     any witness who counsel for a Covered Party in good faith believes may be called to testify at trial, hearing or deposition in this action or is called to testify at trial, hearing or deposition in this action, provided such person has, prior to disclosure, been advised of the contents of this Order;

      e.     any person retained by a Covered Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto;

      f.     stenographers engaged to transcribe depositions conducted in this action;

      g.     independent photocopying, graphic production services, or litigation support services employed by the Covered Parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

      h.     the Court and its support personnel; and

      i.     any other person whom the producing Citi Defendant agrees in writing may have access to such Citi Discovery Material.

      11.    Other than the producing Citi Defendant, no person subject to this Order (including any witness to whom Citi Discovery Material marked "Highly Confidential" ("Highly Confidential Citi Discovery Material") has been provided pursuant to subparagraph (d) below) shall disclose, summarize, describe, characterize or otherwise communicate or make available any of the Highly Confidential Citi Discovery Material to any other person whomsoever, except to individuals described in the below subparagraphs. Any disclosure permitted by this paragraph may be made only to the following persons and only to the extent reasonably necessary to prosecute and defend this action:

a.      the Covered Parties' outside counsel and in-house counsel participating in the prosecution and defense of this matter in their roles as lawyers, including any paralegal, translator, administrative assistant and/or other assistant employed by such counsel and involved in this matter;

b.      in the case of any Covered Party to the litigation who is a natural person, to that natural person himself; or in the case of any Covered Party to the litigation that is not a natural person, those specific designated representatives of the Covered Party who are the primary decision-makers with authority and control over the prosecution or defense of the litigation;

c.      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d.      any witness who has been subpoenaed or otherwise called to testify at trial, hearing or deposition in this action, provided such person has, prior to disclosure, been advised of the contents of this Order;

e.      any person retained by a Covered Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto;

f.      stenographers engaged to transcribe depositions conducted in this action;

g.      independent photocopying, graphic production services, or litigation support services employed by the Covered Parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

h.      the Court and its support personnel; and

i.      any other person whom the producing Citi Defendant agrees in writing may have access to such Citi Discovery Material.

12.     Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this action or from relying upon or generally referring to Confidential or Highly Confidential Citi Discovery Material in rendering such advice; provided, however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Citi Discovery Material if such disclosure is not otherwise permitted under this Order.

13.     Regarding Citi Discovery Material related to experts:

a.      The provisions of Federal Rule of Civil Procedure 26(b)(3)(A)-(C) and 26(b)(4)(A)-(D), effective December 1, 2010, shall apply to the protection of draft expert reports and communications between a party's attorney(s) and the party's expert(s) to the extent that they are not inconsistent with the terms of this Order.

b.      Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

c.      Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report(s), trial and/or deposition testimony or any opinion presented in this case. No discovery can be taken from any non-testifying or consulting expert.

d.      No conversations or communications between parties and/or counsel and any testifying expert will be subject to discovery unless the conversations or communications identify facts or data provided by counsel and are actually relied upon by such expert in forming his or her final report(s), trial and/or deposition testimony or any opinion presented in this case.

e.      Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 13(a)–(d) shall be treated as attorney work product for the purposes of these proceedings and this Order.

14.     Nothing in this Order shall limit a producing Citi Defendant's rights concerning the Citi Discovery Material it produces.

15.     Prior to any disclosure of any Confidential or Highly Confidential Citi Discovery Material to any person referred to in subparagraphs 10(d) or 11(d) above, such person shall be provided by counsel with a copy of this Order and shall, prior to disclosure, be advised of the contents of this Order. Prior to any disclosure of any Confidential or Highly Confidential Citi Discovery Material to any person referred to in subparagraphs 10(e) or 11(e) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, and produce it to opposing counsel prior to such person being permitted to testify (at deposition, hearing or trial).

16.     All Confidential or Highly Confidential Citi Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Highly Confidential Citi Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use

their reasonable best efforts to minimize such sealing.  Any Covered Party may access Confidential or Highly Confidential Citi Discovery Material filed under seal with the Court.

17.     Each person who has access to Citi Discovery Material produced by the Citi Defendants that has been designated as Confidential or Highly Confidential shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of such material.

18.     If, in connection with this action, a producing Citi Defendant claims that it has inadvertently produced Citi Discovery Material that is subject to a claim of privilege or protection, including, without limitation, attorney-client privilege, attorney work product protection, or bank examination privilege ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection with respect to the Inadvertently Disclosed Information or its subject matter.

19.     If a producing Citi Defendant makes a claim of inadvertent disclosure, the receiving party shall, within fourteen (14) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a written certification of counsel that all such information has been returned or destroyed.

20.     Within fourteen (14) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the producing Citi Defendant shall produce a privilege log with respect to the Inadvertently Disclosed Information.

21.     The receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an order the fact of the inadvertent production.

22.     The producing Citi Defendant retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

23.     Any Citi Defendant may designate Citi Discovery Material it produces to a party to this action as "Confidential" or "Highly Confidential" consistent with the terms of this Order, even if the producing Citi Defendant is no longer a named party to this action.  In such circumstances, Citi Discovery Material designated Confidential or Highly Confidential by the non-party Citi Defendant shall be assigned the same protection as Citi Discovery Material so designated by Citi Defendants as parties to this action, and all duties applicable to a party under this Order shall apply to a non-party Citi Defendant designating Citi Discovery Material as Confidential or Highly Confidential.  All obligations applicable under this Order to parties receiving Citi Discovery Materials shall apply to any party receiving Citi Discovery Material from such non-party Citi Defendant.

24.     If, at any time, any Citi Discovery Material governed by this Order is subpoenaed or requested by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed shall, to the extent permitted by law, promptly give written notice to the producing Citi Defendant and include with that notice a copy of the subpoena or request. To the extent permitted by law, the person to whom the subpoena or request is directed also shall not produce documents for at least ten (10) days after notice of the subpoena is provided to the producing Citi Defendant in order to provide the producing Citi Defendant a reasonable period of time in which to seek to quash, limit or object to the subpoena or request, or to move for any protection for the Citi Discovery Material. If the person to whom the subpoena or request is

directed is compelled by applicable law or a court order to respond to the subpoena or request in less than ten (10) days, the person to whom the subpoena or request is directed shall, to the extent permitted by law, notify the producing Citi Defendant of this fact. In no event shall such Citi Discovery Material subject to this Order be produced by a person receiving a subpoena or request without providing the producing Citi Defendant an opportunity to quash, limit or object, absent a court order to do so or as otherwise required by law. In the event that Discovery Material designated as "Confidential" or "Highly Confidential" under this Order is produced in response to a subpoena or request, the recipient of the subpoena or request shall take commercially reasonable steps to ensure that the protections afforded under this Order shall continue to apply to such Discovery Material.

25.     In order to expedite production of voluminous materials, a Citi Defendant producing Citi Discovery Material previously produced to a regulator or to another party in another litigation may designate those collections of documents that by their nature contain Confidential or Highly Confidential Citi Discovery Material with the appropriate designation, notwithstanding that some of the documents within the collection may not qualify for such designation. Notwithstanding the foregoing, the receiving party may, pursuant to the procedures set forth in paragraph 8, challenge the designation of one or more particular documents on the grounds that it or they does not or do not qualify for protection, or does not or do not qualify for the level of protection asserted.

26.     Confidential or Highly Confidential Citi Discovery Material that has been produced, whether voluntarily, under subpoena or otherwise, to any regulator (including any division of any federal, state or local government in the U.S. or abroad, any division of any foreign government, or any industry self-governing, licensing or insuring entity), or that is

subsequently produced to any such regulator, shall nonetheless continue to be subject to this Order and shall not cease to be Confidential or Highly Confidential Citi Discovery Material solely because it was or is so produced, regardless of whether such regulator made or makes such Confidential or Highly Confidential Citi Discovery Material available to one or more third parties.

27.     The undersigned agree to meet and confer concerning the use of any Confidential or Highly Confidential Citi Discovery Material at hearings or at the trial of this action not fewer than five (5) days prior to any such hearing or trial. Where a hearing or trial is scheduled on less than five (5) days' notice, the parties agree to meet and confer as soon as practicable after receiving notice, but in any event, not fewer than twenty-four (24) hours in advance of the hearing or trial. The use of Confidential or Highly Confidential Citi Discovery Material at hearings or at trial shall not cause such Confidential or Highly Confidential Citi Discovery Material to lose its status as Confidential or Highly Confidential Citi Discovery Material.

28.     This Order shall survive the termination of the litigation. The Court retains jurisdiction over parties, counsel for parties and all others to whom this Order applies, for purposes of enforcement of this Order following the conclusion of this action. Upon written request of the producing Citi Defendant, after the final conclusion of all aspects of this action by judgment not subject to further appeal or by settlement, all Confidential or Highly Confidential Citi Discovery Material and all copies of such material shall be returned or destroyed by the receiving person, and so certified in writing within ninety (90) days of the producing Citi Defendant's written request. Notwithstanding any other provision of this Order, the obligation to return or destroy all Confidential or Highly Confidential Citi Discovery Material and all copies of such material upon such written request shall not apply to pleadings, motions, briefs,

supporting affidavits, other papers filed with the Court, attorney notes, deposition transcripts, hearing transcripts, trial transcripts, exhibits, the trial record (including exhibits), Court opinions or orders, attorney-client privileged material, and/or work product created by counsel, a party, or a third party in connection with this litigation, which reflect, summarize, or otherwise refer to Confidential or Highly Confidential Material, and copies thereof retained by counsel, so long as such material is clearly marked to reflect that it contains such information and the person retaining such material otherwise complies with this Order with respect to such retained material.

29.     This Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflict of law principles of the State of New York. Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with its rules.

30.     Nothing herein shall preclude any party from seeking modification of this Order or additional protection for particular documents for good cause.

31.     By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Order.

32.     During the pendency of this action only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

33.     This Stipulation and Order may be executed in counterparts.

SO STIPULATED AND AGREED.

LOWEY DANNENBERG COHEN & HART, P.C.

By _____
       Vincent Briganti
       Geoffrey M. Horn
       Peter D. St. Phillip
       One North Broadway, 5th Floor
       White Plains, New York 10601
       Telephone: (914) 997-0500
       vbriganti@lowey.com
       ghorn@lowey.com
       pstphillip@lowey.com

*Counsel for Plaintiffs Sonterra Capital Master Fund, Ltd.
and Hayman Capital Management, L.P.*

COVINGTON & BURLING LLP

By _____
       Andrew Ruffino
       The New York Times Building
       620 Eighth Avenue
       New York, NY 10018
       Tel: (212) 841-1097
       aruffino@cov.com

*Counsel for Citibank, N.A., Citigroup Inc.,
Citibank Japan Ltd., and Citigroup Global Markets Japan Inc.*

**IT IS SO ORDERED**

DATED _____ DEC 17 2015

THE HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

SONTERRA CAPITAL MASTER FUND, LTD. and
HAYMAN CAPITAL MANAGEMENT, L.P., on behalf of
themselves and all others similarly situated,
                              Plaintiffs,

- against -

UBS AG, UBS SECURITIES JAPAN CO. LTD., MIZUHO
BANK, LTD., THE BANK OF TOKYO-MITSUBISHI UFJ,
LTD., THE SUMITOMO TRUST AND BANKING CO., LTD.,
THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND
BANKING CORPORATION, SUMITOMO MITSUI BANKING
CORPORATION, RESONA BANK, LTD., J.P. MORGAN
CHASE & CO., JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO
CORPORATE BANK, LTD., DEUTSCHE BANK AG, DB
GROUP SERVICES UK LIMITED, MIZUHO TRUST AND
BANKING CO., LTD., THE SHOKO CHUKIN BANK, LTD.,
SHINKIN CENTRAL BANK, THE BANK OF YOKOHAMA,
LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF
SCOTLAND GROUP PLC, THE ROYAL BANK OF
SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED,
BARCLAYS BANK PLC, BARCLAYS PLC, BARCLAYS
CAPITAL INC., CITIBANK, N.A., CITIGROUP INC.,
CITIBANK JAPAN LTD., CITIGROUP GLOBAL MARKETS
JAPAN INC., COÖPERATIEVE CENTRALE RAIFFEISEN-
BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC
BANK PLC, LLOYDS BANKING GROUP PLC, HBOS PLC,
LLOYDS BANK PLC, ICAP PLC, ICAP EUROPE LIMITED,
R.P. MARTIN HOLDINGS LIMITED, MARTIN BROKERS
(UK) LTD., TULLETT PREBON PLC, BANK OF AMERICA
CORPORATION, BANK OF AMERICA, N.A., MERRILL
LYNCH INTERNATIONAL INCORPORATED, AND JOHN
DOE NOS. 1-50,
                              Defendants.

Docket No. 15-cv-5844

NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Protective Order in this action. I agree that I will use Discovery Material solely for the prosecution or defense of this action and for no other purpose and that at the conclusion of the litigation I will return all Discovery Material I have received to the party or attorney from whom I received it. In addition, I agree that I will not disclose Discovery Material designated as Confidential or Highly Confidential except as authorized by the Protective Order. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

DATED: _____        _____
                                                              [NAME]