IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONTERRA CAPITAL MASTER FUND, LTD., HAYMAN CAPITAL MANAGEMENT, L.P., and CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>UBS AG, UBS SECURITIES JAPAN CO. LTD., MIZUHO BANK, LTD., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, RESONA BANK, LTD., J.P. MORGAN CHASE & CO., JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, MIZUHO TRUST AND BANKING CO., LTD., THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, THE BANK OF YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, RBS SECURITIES INC., BARCLAYS BANK PLC, BARCLAYS PLC, BARCLAYS CAPITAL INC., CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, ICAP PLC, ICAP EUROPE LIMITED, R.P. MARTIN HOLDINGS LIMITED, MARTIN BROKERS (UK) LTD., TULLETT PREBON PLC, BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., MERRILL LYNCH INTERNATIONAL, AND JOHN DOE NOS. 1-50,<br><br>        Defendants. | Docket No. 15-cv-5844 (GBD) (HP)<br><br>**ORAL ARGUMENT REQUESTED** |

**MEMORANDUM IN SUPPORT OF RESONA BANK, LTD'S
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)</u>**

**TABLE OF CONTENTS**

                                                                                                                 **Page**

I.    INTRODUCTION ................................................................................................................1

II.   BACKGROUND .................................................................................................................2

     A.    Resona Bank, Ltd. ....................................................................................................2

     B.    The Laydon Action ..................................................................................................2

     C.    The Allegations Regarding Resona in Plaintiffs' First Amended Complaint are Nearly Identical to Those in the Dismissed *Laydon* Complaint .........................................................................4

III.  ARGUMENT .......................................................................................................................5

     A.    Plaintiff Bears the Burden to Demonstrate That Personal Jurisdiction Exists....................5

     B.    Exercise of Personal Jurisdiction Over Resona Would Not Comport with Principles of Due Process ......................................................................................................................5

         1.    Resona Lacks Minimum Contacts with the United States..............................................6

             a.    The Court Lacks General Personal Jurisdiction over Resona ..................................6

             b.    Plaintiffs Have Not Made a Prima Facie Showing of Specific Jurisdiction ...............7

             c.    Even If The Minimum Contacts Test Were Met, It Would be Unreasonable to Exercise Jurisdiction over Resona...............................................................................11

                 i.    Burden on the Defendant...................................................................................11

                 ii.   Interests of the Forum .......................................................................................12

                 iii.  Plaintiffs' Interests ............................................................................................12

                 iv.  Efficient Administration of Justice ....................................................................12

                 v.   Policy Considerations........................................................................................12

             d.    The Court Should Not Entertain a Request for Jurisdictional Discovery .................13

IV.  CONCLUSION ..................................................................................................................14

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Aerogroup Int'l, Inc. v. Marlboro Footworks Ltd.*,
   956 F. Supp. 427 (S.D.N.Y. 1996)..................................................................................13

*Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cnty.*,
   480 U.S. 102 (1987) ................................................................................................. 12, 13

*Beach v. Citigroup Alt. Invs. LLC,*
   12 CIV. 7717(PKC), 2014 WL 904650 (S.D.N.Y. Mar. 7, 2014)..........................................4

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ............................................................................................... passim

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014) ..................................................................................... 5, 6, 7, 11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   131 S. Ct. 2846 (2011) ..........................................................................................6

*Gucci Am., Inc. v. Weixing Li*,
   768 F.3d 122 (2d Cir. 2014) ........................................................................... 5, 7, 11

*Indelible Media Corp. v. Meat & Potatoes, Inc.*,
   12-CV-0978 (GBD), 2012 WL 3893523 (S.D.N.Y. Sept. 7, 2012)......................................13

*Int'l Shoe Co. v. Washington,*
   326 U.S. 310 (1945) ..............................................................................................5, 6

*J. McIntyre Mach., Ltd. v. Nicastro*,
   131 S. Ct. 2780 (2011) (plurality opinion) ...................................................... 7, 10

*Jazini v. Nissan Motor Co., Ltd.,*
   148 F.3d 181 (2d Cir. 1998) ...................................................................................5, 13

*In re Libor-Based Fin. Instruments Antitrust Litig.*,
   No. 11 MDL 2262 NRB, 2015 WL 6243525 (S.D.N.Y. Oct. 20, 2015)..............................10

*Lipsky v. Commonw. United Corp.*,
   551 F.2d 887 (2d Cir. 1976) ....................................................................................8

*Laydon v. Mizuho Bank, Ltd.*,
   No. 12 CIV. 3419 GBD, 2015 WL 1515358 (S.D.N.Y. Mar. 31, 2015) ....................... passim

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
   84 F.3d 560 (2d Cir. 1996) .................................................................................. 5, 6, 11, 12

*O'Neill v. Asat Tr. Reg. (In re Terrorist Attacks on Sept. 11, 2001)*,
   714 F.3d 659 (2d Cir. 2013) ............................................................................................10

*In re Platinum & Palladium Commodities Litig.*,
   828 F. Supp. 2d 588 (S.D.N.Y. 2011) ...............................................................................8

*Porina v. Marward Shipping Co., Ltd.*,
   521 F.3d 122 (2d Cir. 2008) ........................................................................................6, 11

*In re Roman Catholic Diocese of Albany, N.Y., Inc.*,
   745 F.3d 30 (2d Cir. 2014) ........................................................................................5, 6, 7

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
   750 F.3d 221 (2d Cir. 2014) ..............................................................................................6

*Walden v. Fiore*,
   134 S. Ct. 1115 (2014) ...................................................................................................5, 9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12..........................................................................................................................8

I.  INTRODUCTION

Defendant Resona Bank, Ltd. ("Resona") respectfully submits this memorandum in support of its motion pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss the First Amended Class Action Complaint ("FAC")[1] of Plaintiffs Sonterra Capital Master Fund, Ltd., Hayman Capital Management, L.P., and California State Teachers' Retirement System ("CalSTRS") (together, "Plaintiffs") for lack of personal jurisdiction.[2]

Plaintiffs assert claims against Resona and 43 other named defendants for alleged violations of the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*, Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*, and for unjust enrichment.  As was the case in the related action captioned *Laydon v. Mizuho Bank, Ltd. et al.*, No. 12-CV-3419 (GBD) (S.D.N.Y. 2012) (hereinafter "*Laydon*" or "*Laydon* Action"), Plaintiffs here have not plead *any* facts even suggesting that Resona has the minimum contacts necessary to establish personal jurisdiction.  While Plaintiffs in the instant action, who are represented by the same class counsel as plaintiffs in *Laydon*, have filed a complaint hundreds of paragraphs longer than the Second Amended *Laydon* complaint, they have critically added no allegations regarding Resona.[3] Indeed, the only allegations concerning Resona in the FAC relate exclusively to Resona's activities in Japan, and Plaintiff does not allege *any* contacts between Resona and the United States relating to the subject matter of the FAC or otherwise.

---

[1] Dkt. No. 121.

[2] Resona also joins in and hereby adopts all arguments in support of dismissal pursuant to Fed. R. Civ. P. 12(b) set forth in Defendants' Memorandum of Law In Support of Their Motion to Dismiss the Amended Class Action Complaint For Lack of Subject Matter Jurisdiction and Failure to State a Claim, filed today by counsel for Defendants Barclays Bank PLC, Barclays PLC, and Barclays Capital Inc. on behalf of all Defendants.

[3] *Compare Laydon* Second Amended Complaint, [*Laydon* Dkt. No. 150] ("*Laydon* SAC") *with* FAC.

1

This Court duly dismissed the *Laydon* Plaintiffs' claims against Resona for lack of personal jurisdiction. *See* Mem. Decision and Order, No. 12 Civ. 3419 (GBD), 2015 WL 1515358 (S.D.N.Y. Mar. 31, 2015) (the "*Laydon* Dismissal Order"). Resona respectfully submits that the same result is required here.

## II. BACKGROUND

### A. Resona Bank, Ltd.

Resona was established under the laws of Japan, is headquartered in Osaka, Japan and has its principal offices in Tokyo and Osaka, Japan. *See* January 28, 2016 Declaration of Yoshikazu Kawaguchi ("Kawaguchi Decl."), submitted herewith, at ¶ 2. All of Resona's directors and executive officers reside in Japan. Kawaguchi Decl. ¶ 3. As a commercial bank chartered under Japanese law and headquartered in Japan, Resona Bank is regulated by the Japanese Financial Services Agency. Kawaguchi Decl. ¶ 9. Resona does not have any offices, branches, or subsidiaries in the United States. Kawaguchi Decl. ¶ 5. Resona does not have any officers, employees, phone numbers, addresses or real property in the United States. Kawaguchi Decl. ¶¶ 6-8. Resona is not licensed or registered to do business anywhere in the United States. Kawaguchi Decl. ¶ 4.

### B. The Laydon Action

In *Laydon*, Plaintiff Jeffrey Laydon sued Resona and 31 other named defendants purportedly on behalf of persons or entities engaged in a "U.S. based transaction in a Euroyen TIBOR futures contract" during the asserted class period. *Laydon* SAC ¶ 704. The *Laydon* SAC contained claims under the Sherman Antitrust Act and the CEA, and a claim for unjust enrichment. By Memorandum Decision and Order filed March 28, 2014, this Court dismissed Laydon's Sherman Act and unjust enrichment claims against all defendants (*Laydon* Dkt. No.

270). On June 17, 2014, Laydon filed a Motion for Leave to Amend and File the Proposed Third Amended Class Action Complaint in order to expand the class definition to include persons who purchased Yen currency futures and forwards, Yen interest rate swaps, and Yen forward rate agreements, to add two new plaintiffs, a RICO claim, a claim for breach of the implied covenant of good faith and fair dealing, and to add four new defendants (*Laydon* Dkt. No. 301).

While that motion was pending, Resona filed a renewed motion to dismiss the *Laydon* Action for lack of personal jurisdiction (*Laydon* Dkt. No. 312). On March 31, 2015, this Court denied Laydon's motion to amend, except for Laydon's request to add the additional defendants (*Laydon* Dkt. No. 448), and on the same day granted Resona's motion to dismiss. *See Laydon* Dismissal Order, at *5. The *Laydon* Dismissal Order found that both the few Resona-specific allegations in the *Laydon* SAC, as well as new, generalized allegations asserted by Laydon in his opposition to Resona's motion, which incorporated new allegations in his proposed Third Amended Complaint, were insufficient to subject Resona to the Court's jurisdiction. *See id.* at *2-3, 5.

In October of 2015 the Court denied a request by Plaintiff CalSTRS to intervene in the *Laydon* Action (*Laydon* Dkt. No. 525), prompting CalSTRS to be added to the *Sonterra* action when Plaintiffs filed the FAC. More recently, the Court struck the *Laydon* Plaintiffs' purported Third Amended Complaint for exceeding the scope of amendment permitted in the March 31, 2015 order by adding factual allegations, expanding the class definition and time period, adding claims, and attempting to include dismissed claims and to re-name Resona and other previously dismissed defendants (*Laydon* Dkt. No. 558).

3

### C. The Allegations Regarding Resona in Plaintiffs' First Amended Complaint are Nearly Identical to Those in the Dismissed *Laydon* Complaint

The allegations concerning Resona in the FAC are few and far between. Indeed, they are even less substantive than those in the *Laydon* SAC. Both complaints allege that Resona is a "commercial bank and a member of Resona Holdings, Inc." FAC ¶ 109, *Laydon* SAC ¶ 63. While the *Sonterra* Plaintiffs have omitted the descriptors of "Japanese" and "headquartered in Tokyo, Japan" from their allegations, the fact that Resona is chartered under Japanese law, is headquartered in Japan, and has no offices, branches, subsidiaries, executive officers and directors located in the U.S. is not disputed, and the Court may assume it to be true without an admission by Plaintiffs. *Laydon* SAC ¶ 63, *see* Kawaguchi Decl. ¶¶ 2-9; *see also Laydon* Dismissal Order, at *4 ("This Court also weighs the facts provided in the Stipulating Banks' declarations in support of their respective motions to dismiss—especially to the extent that they are uncontroverted.") (citing *Beach v. Citigroup Alt. Invs. LLC,* 12 CIV. 7717(PKC), 2014 WL 904650, at *5 (S.D.N.Y. Mar. 7, 2014) ("'On a motion pursuant to Rule 12(b)(2), courts may rely upon materials that are outside the pleadings,' including affidavits and declarations")).

Both complaints allege that Resona was a member of the JBA Euroyen TIBOR panel, and served as a TFX trading and clearing member during the Class Period. *Compare* FAC ¶ 110, *with Laydon* SAC ¶¶ 63, 119. Plaintiffs also include in the FAC several purported "economic analyses" also included in the *Laydon* SAC. *Compare, e.g.* FAC Figures 31, 32, 73 *with Laydon* SAC Figures 29, 30, 68. All of these allegations concerning Resona relate solely to Resona's activities in Japan.

4

### III.   ARGUMENT

#### A.   Plaintiff Bears the Burden to Demonstrate That Personal Jurisdiction Exists

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). Where no discovery has taken place, the plaintiff must make a *prima facie* showing of jurisdiction by pleading in good faith legally sufficient allegations of jurisdiction. *Jazini v. Nissan Motor Co., Ltd.,* 148 F.3d 181, 184 (2d Cir. 1998).

#### B.   Exercise of Personal Jurisdiction Over Resona Would Not Comport with Principles of Due Process

As was the case in *Laydon*, Plaintiffs here have not pleaded the basis on which they assert jurisdiction over Resona. Indeed, the section of the FAC entitled "Personal Jurisdiction" makes no mention of Resona whatsoever. *See* FAC ¶¶ 149-177. Regardless of the theory, however, Resona's contacts even with the entire United States are insufficient to establish jurisdiction.[4]

Due process considerations permit a court to exercise personal jurisdiction over a non-resident only where the non-resident has "certain minimum contacts [with the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (*quoting Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)); *see also Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (same);

---

[4] The absence of minimum contacts sufficient to satisfy due process would be equally fatal regardless of whether the New York long-arm statute is implicated. *See In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 37-38 (2d Cir. 2014) (After undertaking an analysis of personal jurisdiction under New York law, the court must "analyze whether personal jurisdiction comports with the Due Process Clause of the United States Constitution."). The Second Circuit has "not yet decided" whether a civil case arising under federal law that authorizes nationwide service of process implicates a state-specific or U.S.-wide contacts test. *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 142 n.21 (2d Cir. 2014); *see also* Memorandum of Law In Support of the Japanese Bank Defendants' Motion to Dismiss ("Japanese Bank Mem."), filed concurrently, at I. A., incorporated herein by reference. As Plaintiffs have alleged no contacts between Resona and New York or any other state, this distinction is not relevant to the instant motion.

*Porina v. Marward Shipping Co., Ltd.*, 521 F.3d 122, 127 (2d Cir. 2008) (same). The Due Process Clause "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (quoting *Int'l Shoe Co.*, 326 U.S. at 319). By providing individuals and companies with "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign," the Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Burger King*, 471 U.S. at 472 (internal citations omitted).

### 1. Resona Lacks Minimum Contacts with the United States

"The first step of the due process inquiry differs depending on whether the plaintiff is advancing a theory of specific or general jurisdiction." *Laydon* Dismissal Order, at *1. General jurisdiction "permits a court to exercise its power in a case where the subject matter of the suit is unrelated" to defendant's "general business contacts with the forum..." *Metro. Life Ins. Co.,* 84 F.3d at 568. Specific jurisdiction exists when "a [court] exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Id.* at 567-68.

#### a. The Court Lacks General Personal Jurisdiction over Resona

A court may assert general jurisdiction over foreign corporations only when their "affiliations with the [forum] are so 'continuous and systematic' as to render them *essentially at home* in the forum State." *Daimler AG*, 134 S. Ct. at 761 (emphasis added) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)); *see also Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014) (same); *Roman Catholic*

6

*Diocese of Albany*, 745 F.3d at 38 (same). "Only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG*, 134 S. Ct. at 760. "[T]he place of incorporation and principal place of business are paradigm bases for general jurisdiction" for a corporation and such affiliations "have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable." *Id.* at 760. Only in "an exceptional case" may a defendant's "operations in a forum *other than its formal place of incorporation or principal place of business* … be so substantial and of such a nature as to render the [defendant] at home in that [forum]." *Id.* at 761 n.19 (emphasis added).

Resona quite obviously is not "at home" in the United States, let alone in the forum state of New York such that general jurisdiction exists. *See id.* at 761-62. As the Second Circuit held in *Gucci*, even foreign banks with multiple U.S. branch offices are not subject to general jurisdiction in New York despite having a portion of their operations take place in the state. 768 F.3d at 135 (citing *Daimler*, 134 S. Ct. at 761 & n.19). Here, Resona has no United States presence, and therefore cannot be subject to general jurisdiction.

### b. *Plaintiffs Have Not Made a Prima Facie Showing of Specific Jurisdiction*

For specific jurisdiction to exist, a court must determine both that the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" and that the plaintiff's claims "aris[e] out of or relate[] to the defendant's contacts with the forum." *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787-88, (2011) (plurality opinion); *Burger King*, 471 U.S. at 472 (to establish specific jurisdiction, the defendant must have "purposefully directed his activities at … the forum … and the litigation [must] result[] from alleged injuries that arise out of or relate to those activities")

7

(internal citations omitted). The defendant's "conduct and connection with the forum [must be] such that he should reasonably anticipate being haled into court there." *Id*. at 474.

Despite the great length of the FAC, the only specific allegations that Plaintiff has made regarding Resona reference the bank's activities in Japan (FAC ¶¶ 109-110, 144, 884). Plaintiffs make no allegations of contacts between Resona and the United States, let alone allegations that this litigation arises from such contacts. *See Burger King*, 471 U.S. at 474. Instead, the Plaintiffs seek to bolster their sparse allegations with conclusory statements that all "Defendants availed themselves of the privilege of conducting activities within the United States," despite the fact that Plaintiffs allege no activities conducted by Resona within the United States (FAC ¶ 149).

Unable to allege facts to support Resona's contacts with the U.S., Plaintiffs instead allege that *all* Defendants are "subject to the jurisdiction of this Court because they used U.S. domestic and interstate wires to accomplish their fixing and manipulation." FAC ¶ 175. As an example, Plaintiffs claim that "Defendants" "admitted" to sending Yen LIBOR submissions through the mails or interstate commerce (FAC ¶ 175). There is no similar allegation with respect to Euroyen TIBOR. Furthermore, Plaintiffs' only support for this allegation consists of references to CFTC consent orders, none of which is in any way related to Resona. *See* FAC ¶ 175 n.97 (citing FAC Exhibits A-2 [UBS], B-4 [RBS], D-2 [Coöperatieve Centrale Raiffeisen-Boerenleenbank], G-2 [Barclays], and I-2 [Deutsche Bank]).[5] Plaintiffs cannot support the

---

[5] Furthermore, as "no admit, no deny" settlements, the consent orders do not contain any admissions even as to the parties to those orders. At any rate, such misrepresentations are legally irrelevant, as "neither a complaint nor references to a complaint [that] results in a consent judgment may properly be cited in the pleadings. . . ." *Lipsky v. Commonw. United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976); *see also In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 593 (S.D.N.Y. 2011) (striking allegations from complaint premised on CFTC consent order, citing *Lipsky* and progeny); Fed. R. Civ. P. 12(f) (court may strike "immaterial" matter on its own or upon a motion).

exercise of jurisdiction over Resona by using the term "Defendants" to refer to actions of other parties.

Even if Plaintiffs' embellishments were applied to Resona (which they cannot be), merely making rate submissions in Japan using employees based in Japan that are subsequently disseminated by other parties is insufficient to establish that a defendant "purposefully availed itself of the United States." *See Laydon* Dismissal Order, at \*6; *Burger King*, 471 U.S. at 472 (to establish specific jurisdiction, the defendant must have "purposefully directed his activities at … the forum").

Equally unavailing is Plaintiffs' assertion that the "structure of the Bloomberg network," which includes servers located in the U.S., creates personal jurisdiction over any entity utilizing Bloomberg's electronic chat feature. FAC ¶¶ 176-77. This Court previously rejected Laydon's similar attempt to use the possibility of Bloomberg chats as a panacea for lack of personal jurisdiction, holding that any contention that this "highly attenuated connection" constitutes "purposeful availment" would be "unreasonable." *Laydon* Dismissal Order, at \*3; *see also* Japanese Bank Mem. at II. D., incorporated herein by reference. Moreover, as the Court noted, the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* (citing *Walden*, 134 S. Ct. at 1122-1223) ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State.")).

Insofar as Plaintiffs advance the *Laydon* plaintiffs' theory that personal jurisdiction may be based on acts of alleged co-conspirators, (*see* FAC ¶ 174) the Court previously rejected Plaintiffs' conspiracy theory of jurisdiction over Resona. *See Laydon* Dismissal Order, at \*3, 5

9

("'An inference that Resona participat[ed] in the [alleged] conspiracy to manipulate the price of Euroyen-based derivatives' is not grounds to conclude that there are minimum contacts under the effects test.") (quoting *Laydon* Plaintiffs' Opposition to Motion to Dismiss [*Laydon* Dkt. No. 367] at 9); *see also* Japanese Bank Mem. at II. C., incorporated herein by reference.

Plaintiffs appear to have wisely limited their reliance on the purported "foreseeable effects" of Defendants' conduct to establish personal jurisdiction. FAC ¶ 54. As numerous courts have held, even where it is foreseeable that defendant's actions may cause injury in a forum, that "is not a sufficient benchmark for exercising personal jurisdiction." *Burger King*, 471 U.S. at 474; *see also J. McIntyre Mach.*, 131 S. Ct. at 2788-89 ; *O'Neill v. Asat Tr. Reg. (In re Terrorist Attacks on Sept. 11, 2001)*, 714 F.3d 659, 674 (2d Cir. 2013); *In re Libor-Based Fin. Instruments Antitrust Litig.*, No. 11 MDL 2262 NRB, 2015 WL 6243525, at *32 (S.D.N.Y. Oct. 20, 2015) ("It is bedrock law that merely foreseeable effects of defendants' conduct do not support personal jurisdiction."). Here, conclusory allegations of wrongdoing that had "foreseeable effects in the United States" cannot confer personal jurisdiction, as this Court and other courts in this District have repeatedly acknowledged. FAC ¶ 54; *see Laydon* Dismissal Order, at *3, 5; *see also* Japanese Bank Mem. at II. B., incorporated herein by reference.

In sum, Plaintiffs have not alleged and cannot show a relationship among Resona, the United States and this action such that Resona would reasonably anticipate being haled into United States court. Accordingly, as in *Laydon*, there is no specific jurisdiction over Resona here.

### c. Even If the Minimum Contacts Test Were Met, It Would be Unreasonable to Exercise Jurisdiction Over Resona

With respect to specific jurisdiction, the due process analysis can involve a two-part inquiry.[6] However, where, as in this case, "the constitutionally necessary first-tier minimum [contacts are] lacking, the inquiry ends." *Porina,* 521 F.3d at 129; *see also Burger King*, 471 U.S. at 476. Only "once the court has established these minimum contacts," does it "determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice." *Gucci*, 768 F.3d at 136. Thus, this Court should not even reach the second part of the inquiry.

If this Court *were* to engage in the second step of the specific jurisdiction analysis, it would be totally unreasonable for Plaintiffs to be permitted to drag Resona, a foreign company with no United States presence, into United States court on the slender reed of Plaintiffs' wholly speculative allegations of wrongdoing overseas.

The following factors are relevant to the reasonableness analysis: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Metro. Life Ins. Co.*, 84 F.3d at 568.

#### i. Burden on the Defendant

Litigating a case in the United States would be burdensome for Resona, which has no United States office or employees. Because it is a Japanese entity, Resona's business records are in Japanese, and employees who may be witnesses in the case not only would be located in

---

[6] The majority opinion in *Daimler* indicated that the second step of the analysis is only "to be essayed when *specific* jurisdiction is at issue." 134 S. Ct. at 762 n.20 (emphasis in original).

11

Japan, but would be native Japanese speakers. All litigation-related activities would require involvement of Japanese counsel. *See* Kawaguchi Decl. ¶¶ 3, 5, 6; *see also Metro. Life Ins. Co.*, 84 F.3d at 573-74 (finding significant that none of defendant's records, files, or witnesses with information about the litigation were located in the forum).

### ii. Interests of the Forum

The allegations against Resona relate to conduct that occurred wholly in Japan. This reduces any interest the United States might have in resolving this dispute. *See id.* at 574 (finding the interests of the forum to be lessened where "[t]he acts and omissions that serve as the basis for [plaintiff's] suit occurred [outside of the forum state]").

### iii. Plaintiffs' Interests

Although it is more convenient for Plaintiffs to litigate in the United States, dismissal of Resona as one of 43 named defendants would not significantly impact Plaintiffs' claims, particularly since Plaintiffs' claims against Resona are highly attenuated, to say the least.

### iv. Efficient Administration of Justice

In evaluating this factor, "courts generally consider where witnesses and evidence are likely to be located." *Id.* As noted, Resona has no employees in the United States, nor does it have any United States offices in which documentary evidence could be located. Kawaguchi Decl. ¶¶ 5, 6.

### v. Policy Considerations

Under the policy factor, courts should consider "the procedural and substantive policies of other nations whose interests are affected by the assertion of jurisdiction" by United States courts. *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 115 (1987). *Asahi* cautioned that "the Federal interest in Government's foreign relations policies, will be best served by a careful inquiry into the reasonableness of the assertion of jurisdiction in

[a] particular case, and an unwillingness to find the serious burdens on an alien defendant outweighed by minimal interests on the part of the plaintiff or the forum State" and "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Id.* at 115. Here, the policy considerations weigh strongly against the exercise of personal jurisdiction over Resona. *See id.* at 116.

In sum, even if minimum contacts were present here, which they are not, it would be entirely unreasonable to require Resona, a foreign company with no United States presence, to litigate in the United States.[7] The exercise of personal jurisdiction here would "offend traditional notions of fair play and substantial justice." *Aerogroup Int'l*, 956 F. Supp. at 442.

### d. The Court Should Not Entertain a Request for Jurisdictional Discovery

As it did in *Laydon*, the Court should reject any request by Plaintiffs for jurisdictional discovery in light of Plaintiffs' failure to plead any facts even remotely suggesting that personal jurisdiction exists. *See Laydon* Dismissal Order, at *7 ("Based on the alleged facts, there is no reason to believe Plaintiff would find any of the information that he seeks through jurisdictional discovery. Moreover, the Stipulating Defendants' sworn-to declarations support a conclusion that Plaintiff would not find what he seeks through discovery."). *See also, e.g. Jazini,* 148 F.3d at 186 (plaintiff not entitled to jurisdictional discovery where plaintiff "did not establish a prima facie case that the district court had jurisdiction"); *Indelible Media Corp. v. Meat & Potatoes, Inc.*, 12-CV-0978 (GBD), 2012 WL 3893523, at *7 (S.D.N.Y. Sept. 7, 2012) (holding that "jurisdictional discovery is not warranted" where plaintiff failed to make out a *prima facie* case for jurisdiction).

---

[7] Even where "there is a weak showing of minimum contacts, there must be a stronger showing of reasonableness." *Aerogroup Int'l, Inc. v. Marlboro Footworks Ltd.*, 956 F. Supp. 427, 442 (S.D.N.Y. 1996).

13

## IV. CONCLUSION

For these reasons, Defendant Resona respectfully requests that the Court, pursuant to Rule 12(b)(2), dismiss the complaint against Resona.

Dated:  February 1, 2016

Respectfully submitted,

By:   /s/ Michael Asaro
Michael Asaro
Nicholas C. Adams
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
(212) 872-8100
masaro@akingump.com
nadams@akingump.com

Paul B. Hewitt
C. Fairley Spillman
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
(202) 887-4000
fspillman@akingump.com
phewitt@akingump.com

*Attorneys for Defendant Resona Bank, Ltd*