IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONTERRA CAPITAL MASTER FUND, LTD., HAYMAN CAPITAL MANAGEMENT, L.P., and CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>       - against -<br><br>UBS AG, UBS SECURITIES JAPAN CO. LTD., MIZUHO BANK, LTD., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, RESONA BANK, LTD., J.P. MORGAN CHASE & CO., JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, MIZUHO TRUST AND BANKING CO., LTD., THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, THE BANK OF YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, RBS SECURITIES INC., BARCLAYS BANK PLC, BARCLAYS PLC, BARCLAYS CAPITAL INC., CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, ICAP PLC, ICAP EUROPE LIMITED, R.P. MARTIN HOLDINGS LIMITED, MARTIN BROKERS (UK) LTD., TULLETT PREBON PLC, BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., MERRILL LYNCH INTERNATIONAL, AND JOHN DOE NOS. 1-50,<br><br>                Defendants. | Docket No. 15-cv-5844 (GBD) (HBP) |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AGREEMENTS AND CONDITIONALLY CERTIFYING A SETTLEMENT CLASS**

UPON the Settlement Agreement between Plaintiffs and Defendants R.P. Martin Holdings Limited and Martin Brokers (UK) Ltd., and their subsidiaries and affiliates (collectively, "R.P. Martin") dated December 3, 2014;

UPON the Settlement Agreement between Plaintiffs and Defendants Citigroup Inc., Citibank, N.A., Citibank Japan Ltd., and Citigroup Global Markets Japan Inc., and their subsidiaries and affiliates (collectively, "Citi") dated August 11, 2015;

UPON the consent of R.P. Martin and Citi to such motion;

UPON all submissions in connection with Plaintiffs' Motion for Preliminary Approval of Class Action Settlements; and

UPON all prior proceedings herein.

**NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure Rule 23, IT IS HEREBY ORDERED THAT:**

1. The capitalized terms used herein shall have the meanings set forth in the Settlements.

2. The Court preliminarily approves the Settlements as set forth in the Agreements, as being within the range of what may be found to be fair, reasonable, and adequate to the Settlement Class for the claims against R.P. Martin and Citi.  This is subject to the right of any such Settlement Class Member to challenge the fairness, reasonableness, or adequacy of the Agreement and to show cause, if any exists, why a final judgment dismissing the Action against R.P. Martin and Citi, and ordering the release of the Released Claims against the Released Parties, should not be entered after due and adequate notice to such Settlement Class.  The procedure for such notice to the Settlement Class shall be established in a later order.

3.     The Court finds that the Settlements were entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlements should be given to Settlement Class Members.

4.     The Court conditionally certifies the following Settlement Class (set forth herein) for purposes of the Settlement of the claims against R.P. Martin and Citi:

> All Persons that engaged in a transaction in Euroyen-Based Derivatives[1] during the period of January 1, 2006 through June 30, 2011. Excluded from the Class are: (i) Defendants and any parent, subsidiary, affiliate, or agent of any Defendant; (ii) the Released Parties (as defined in the Agreements); and (iii) any Class Member who files a timely and valid request for exclusion.

5.     The Court finds that conditional certification of such Settlement Class on Plaintiffs' claims against R.P. Martin and Citi for purposes of sending Notice of the proposed Settlement of the claims against R.P. Martin and Citi is warranted in light of the Settlements because: (i) the proposed Settlement Class is so numerous that joinder is impracticable; (ii) Plaintiffs' claims against R.P. Martin and Citi present common issues that are typical of the proposed Settlement Class; (iii) Plaintiffs and Class counsel will fairly and adequately represent the proposed Settlement Class; and (iv) common issues on the claims against R.P. Martin and Citi predominate over any individual issues affecting the proposed Settlement Class Members.  The Court further finds that Plaintiffs' interests on the claims against R.P. Martin and Citi are aligned with the interests of all other Class Members. The Court also finds that resolution of this Action on a class basis for purposes of the Settlements as to R.P. Martin and Citi is superior to other means of resolution.

---

[1] Euroyen-Based Derivatives means: (i) a purchase or sale of a Euroyen TIBOR futures contract on the Chicago Mercantile Exchange ("CME"); (ii) a purchase or sale of a Euroyen TIBOR futures contract on the Tokyo Financial Exchange, Inc. ("TFX"), Singapore Exchange ("SGX"), or London International Financial Futures and Options Exchange ("LIFFE") by a U.S. Person, or by a Person from or through a location within the U.S.; (iii) a purchase or sale of a Japanese Yen currency futures contract on the CME; (iv) a purchase or sale of a Yen-LIBOR and/or Euroyen TIBOR based interest rate swap entered into by a U.S. Person, or by a Person from or through a location within the U.S.; (v) a purchase or sale of a Japanese Yen currency forward agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S.; and/or (vi) a purchase or sale of a Yen-LIBOR and/or Euroyen TIBOR based forward rate agreement entered into by a U.S. Person, or by a Person from or through a location within the U.S.

6. The Court appoints Lowey Dannenberg Cohen & Hart, P.C. as Class counsel to such Settlement Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

7. The Court appoints A.B. Data, Ltd. as Escrow Agent for purposes of the Settlement proceeds.

8. Plaintiffs Jeffrey Laydon, Sonterra Capital Master Fund, Ltd., Hayman Capital Management, L.P., and the California State Teachers' Retirement System will serve as representatives of such Settlement Class for purposes of the Settlement.

9. The timing, plan and forms of the notice to the Settlement Class and the date of a hearing before this Court to consider any Settlement Class member objections to final approval of the Settlements shall all be determined by separate order of this Court.

10. Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or Settlement is or may be used as an admission or evidence (i) of the validity of any claims, alleged wrongdoing, or liability of R.P. Martin or Citi or (ii) of any fault or omission of R.P. Martin or Citi in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

11. Neither this Order, the Agreements, the Settlements contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreements or Settlements is or may be used as an admission or evidence that the claims of Plaintiffs lacked merit in any proceeding against anyone other than R.P. Martin or Citi in any court, administrative agency, or other tribunal.

12. In the event that the Agreements are terminated in accordance with its provisions, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Agreement, and without prejudice to the status quo ante

rights of Plaintiffs, R.P. Martin, Citi, and the Settlement Class Members.

13. No later than ten (10) days after the Motion for Preliminary Approval of the Settlement has been filed with the Court, Citi will serve the Class Action Fairness Act ("CAFA") Notice on the Attorney General of the United States and the state attorneys general as required by 28 U.S.C. § 1715(b). Thereafter, Citi will serve any supplemental CAFA Notice as appropriate.

14. The Court's preliminary certification of the Settlement Class, and appointment of Plaintiffs as Class Representatives, as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by Plaintiffs to certify a class. The Court's findings in this Preliminary Order shall have no effect on the Court's ruling on any motion to certify any class in this litigation, or appoint Class Representatives, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint Class Representatives.

**IT IS SO ORDERED.**

This ___ day of _____, 20_____, at the Courthouse for the United States District Court for the Southern District of New York.

_____
The Honorable George B. Daniels
United States District Court Judge

4