IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONTERRA CAPITAL MASTER FUND, LTD., HAYMAN CAPITAL MANAGEMENT, L.P., and CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br>     v.<br><br>UBS AG, *et al.*,<br><br>                    Defendants. | Case No. 1:15-cv-05844 (GBD) (HP)<br><br>ORAL ARGUMENT REQUESTED |

**MEMORANDUM OF LAW OF DEFENDANTS MIZUHO BANK, LTD. AND MIZUHO TRUST AND BANKING CO., LTD. IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL <u>JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS</u>**

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF THE FACTS .................................................................................................... 2

ARGUMENT .................................................................................................................................. 3

    I.     THE COURT LACKS GENERAL PERSONAL JURISDICTION OVER
         MIZUHO BANK AND MIZUHO TRUST ............................................................. 4

    II.    THE COURT LACKS SPECIFIC PERSONAL JURISDICTION OVER
         MIZUHO BANK AND MIZUHO TRUST ............................................................. 5

    III.   MIZUHO TRUST HAS NOT BEEN PROPERLY SERVED UNDER THE
         HAGUE CONVENTION ........................................................................................ 7

CONCLUSION ............................................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Page**

*Beach v. Citigroup Alt. Invs. LLC*, 2014 WL 904650 (S.D.N.Y. Mar. 7, 2014) .............................2

*Casio Computer Co. v. Sayo*, 2000 WL 1877516 (S.D.N.Y. Oct. 13, 2000) .................................7

*Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158 (2d Cir. 2010).......................................3

*Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) ........................................................................4, 5

*Fitzgibbon v. Sanyo Sec. Am., Inc.*, 1994 WL 281928 (S.D.N.Y. June 22, 1994).........................8

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011)..................................5

*J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011) ..........................................................5

*Laydon v. Mizuho Bank, et al.*, 2015 WL 1515358 (S.D.N.Y. Mar. 31, 2015) ..................... *passim*

*NSM Music, Inc. v. Villa Alvarez*, 2003 WL 685338 (N.D. Ill. Feb. 25, 2003) ..............................8

*Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97 (1987)...............................................7

*In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659 (2d Cir. 2013)............................3, 6

*Walden v. Fiore*, 134 S. Ct. 1115 (2014)..................................................................................4, 7

**Other Authorities**

Fed. R. Civ. P. 4(f)(1) ....................................................................................................................7

Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in
    Civil and Commercial Matters..................................................................................................7

Defendants Mizuho Bank, Ltd. ("Mizuho Bank")[1] and Mizuho Trust and Banking Co., Ltd. ("Mizuho Trust") respectfully submit this memorandum of law in support of their motion, pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure, to dismiss the plaintiffs' Amended Class Action Complaint (Dkt. No. 121) (the "Complaint" or "Compl.") for lack of personal jurisdiction and insufficient service of process.[2]

## PRELIMINARY STATEMENT

Less than a year ago, in *Laydon v. Mizuho Bank, Ltd.*, this Court ruled that it did not have personal jurisdiction over Mizuho Bank and Mizuho Trust, and it dismissed with prejudice the plaintiff's case against those banks. 2015 WL 1515358, at *6-7 (S.D.N.Y. Mar. 31, 2015) (the "*Laydon* Dismissal Order"). The *Sonterra* Complaint is substantively identical to the *Laydon* complaint, and therefore, the Court should rule that it does not have jurisdiction over Mizuho Bank and Mizuho Trust for the same reasons it articulated in the *Laydon* Dismissal Order.

As the Court is aware, Mizuho Bank and Mizuho Trust are financial institutions that are incorporated under the laws of Japan and have their headquarters in Tokyo, Japan. As such, the banks are not "at home" in the United States, and under controlling Supreme Court precedent, this Court does not have a basis to assert general personal jurisdiction over them. In the *Laydon* case, the plaintiff's counsel (which is the same counsel that represents the plaintiffs in *Sonterra*)

---

[1] As used in this brief, "Mizuho Bank" refers to the entity that was named as a defendant in the plaintiffs' Complaint and served as a reference bank for the Euroyen TIBOR panel during the class period of January 1, 2006 through June 30, 2011. (Compl. ¶¶ 1, 96, 144.) It does not refer to the entity that came into existence after the merger between Mizuho Bank and Mizuho Corporate Bank, Ltd. on July 1, 2013, two years after the end of the class period, and more than a year after the filing of the first complaint in *Laydon v. Mizuho Bank, Ltd., et al*.

[2] Mizuho Bank and Mizuho Trust incorporate by reference the arguments made in the Memorandum of Law in Support of the Japanese Bank Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, dated February 1, 2016.

"expressly waived any argument that this Court has general jurisdiction over [Mizuho Bank and Mizuho Trust]." *Id.* at *1. The plaintiffs' counsel should do the same here.

The Court likewise does not have a basis to assert specific personal jurisdiction over the banks. As the Court found in the *Laydon* Dismissal Order, Mizuho Bank and Mizuho Trust do not have any jurisdictionally relevant contacts with the United States, and the plaintiffs' claims here, like the plaintiff's claims in *Laydon*, do not "arise out of or relate to" any contacts that Mizuho Bank and Mizuho Trust have with the forum. *See id.* at *2, 6. In addition, as the Court ruled in *Laydon*, at no time during the putative class period did Mizuho Bank or Mizuho Trust "purposefully avail[ ]" itself of the privileges of doing business in the United States such that they should have reasonably expected to be haled into court in the United States. *See id.* The plaintiff therefore cannot establish specific personal jurisdiction over Mizuho Bank and Mizuho Trust, and the claims against them should be dismissed.

## STATEMENT OF THE FACTS[3]

Mizuho Bank and Mizuho Trust are Japanese banks that are incorporated under the laws of Japan and have their principal places of business in Tokyo, Japan. (Okamoto Decl. ¶¶ 2-3; Nambu Decl. ¶¶ 2-3.) During the putative class period of January 1, 2006 through June 30, 2011, both banks operated exclusively in Japan and did not have any operations in the United States; they were not registered or licensed to do business in the United States; they did not have any branches or offices in the United States; they did not own real estate in the United States;

---

[3] The facts set forth herein are taken from the *Sonterra* Complaint and from the Declaration of Masahiro Okamoto on behalf of Mizuho Bank (the "Okamoto Decl.") and the Declaration of Takashi Nambu on behalf of Mizuho Trust (the "Nambu Decl.") (both filed in this action on February 1, 2016). "On a motion pursuant to Rule 12(b)(2), courts may rely upon materials that are outside the pleadings," including affidavits and declarations. *See Beach v. Citigroup Alt. Invs. LLC*, 2014 WL 904650, at *5 (S.D.N.Y. Mar. 7, 2014) (internal citation omitted).

and they did not have any officers or directors who lived or worked in the United States. (Okamoto Decl. ¶¶ 5-9; Nambu Decl. ¶¶ 5-9.)

The plaintiffs are investment funds and investment advisors that allegedly engaged in yen foreign exchange forwards, yen-LIBOR-based interest rate swaps, and yen-LIBOR-based "swaptions." (Compl. ¶¶ 55-57.) The plaintiffs allege that they transacted in these financial products at artificial prices "that were directly and proximately caused by Defendants' rigging of Yen LIBOR and Euroyen TIBOR [rates]." (*Id.* ¶ 56.) The plaintiffs assert that Mizuho Bank and Mizuho Trust were two of the panel banks that purportedly submitted artificial Euroyen TIBOR rates during the class period. (*Id.* ¶¶ 54, 144.) But none of the actions taken by Mizuho Bank and Mizuho Trust in connection with the Euroyen TIBOR rate submission process occurred in the United States. Instead, all employees and supervisors who were involved in the rate submission process for Euroyen TIBOR worked in Japan. (Okamoto Decl. ¶ 7; Nambu Decl. ¶ 8.) The plaintiff does not allege a single act by Mizuho Bank and Mizuho Trust that occurred in the United States and relates to his claims.

## ARGUMENT

"In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a *prima facie* showing that jurisdiction exists." *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (internal quotation and citation omitted). "This *prima facie* showing 'must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant.'" *Id.* (quoting *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)). Here, the plaintiffs have not alleged any facts – and there are none – that would provide a basis for the Court to exercise personal jurisdiction over Mizuho Bank and Mizuho Trust. Accordingly, the plaintiffs' claims should be dismissed.

**I.     THE COURT LACKS GENERAL PERSONAL JURISDICTION OVER MIZUHO BANK AND MIZUHO TRUST**

The Due Process Clause of the United States Constitution limits a court's authority to assert personal jurisdiction over a defendant. *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). Consistent with this limitation, a court may assert general or "all purpose" personal jurisdiction over a nonresident corporation only when the corporation's affiliations with the state are "so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (internal quotation omitted). In determining the place where a foreign corporation is "at home," the Supreme Court has stated that courts should look to "the place of incorporation and principal place of business." *Id.* at 760. Those locations, the Supreme Court explained, "have the virtue of being unique – that is, each ordinarily indicates only one place – as well as easily ascertainable." *Id.*

Based on these principles, the plaintiffs have no basis to assert general personal jurisdiction over Mizuho Bank and Mizuho Trust. Mizuho Bank and Mizuho Trust are not incorporated in New York (or anywhere in the United States), and they do not have their principal places of business in New York. Instead, Mizuho Bank and Mizuho Trust are incorporated under the laws of Japan and have their principal places of business in Japan. (Okamoto Decl. ¶¶ 5-9; Nambu Decl. ¶¶ 5-9.) Under the rule announced by the Supreme Court in *Daimler*, Mizuho Bank and Mizuho Trust are not "at home" in New York, and the plaintiffs cannot establish general personal jurisdiction over them here.[4]

---

[4]     The merger of Mizuho Bank with Mizuho Corporate Bank, Ltd. in July 2013 (two years after the end of the of the putative class period) does not change the jurisdictional analysis because the merged entity (like the prior entities) is incorporated under the laws of Japan and has its principal place of business in Japan.

4

Based on this controlling precedent, the plaintiff in *Laydon* "expressly waived any argument that this Court has general jurisdiction over [Mizuho Bank and Mizuho Trust]." *Laydon*, 2015 WL 1515358, at *1. The plaintiffs' counsel should do the same here.

## II. THE COURT LACKS SPECIFIC PERSONAL JURISDICTION OVER MIZUHO BANK AND MIZUHO TRUST

The Court also has no basis to assert specific jurisdiction over Mizuho Bank and Mizuho Trust. Specific or "conduct-linked" jurisdiction is more limited than general jurisdiction and "depends on an affiliatio[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations*, *S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (internal quotation omitted). In order for a court to have specific jurisdiction over a nonresident defendant, the plaintiff must allege facts establishing that (i) the plaintiff's claims "aris[e] out of or relate[] to the defendant's contacts with the forum," and (ii) the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787-88 (2011) (internal quotation and citation omitted) (plurality opinion).

This Court has already conducted a detailed analysis of Mizuho Bank's and Mizuho Trust's purported contacts with New York and the United States and determined that it did not have specific personal jurisdiction over these entities. *Laydon*, 2015 WL 1515358, at *6. The exact same analysis applies here because the allegations in the *Sonterra* complaint are substantively identical to the allegations in the *Laydon* complaint that this Court found inadequate to establish jurisdiction.

First, as in *Laydon*, the plaintiffs' claims here do not "arise out of or relate to" Mizuho Bank's and Mizuho Trust's purported contacts with New York or any other state in the United

5

States.  The crux of the plaintiffs' claims is that the defendants conspired to manipulate their submission of rates used to calculate Euroyen TIBOR in violation of the Sherman Act, RICO, and common law.  (Compl. ¶ 1.)  But all of the actions that purportedly gave rise to the plaintiffs' claims occurred in Japan – not the United States.  Specifically, the Mizuho Bank and Mizuho Trust employees who submitted Euroyen TIBOR rates were located in Japan, and the entity that published the rates – the Japanese Bankers Association – was also located in Japan.  (Okamoto Decl. ¶ 6-7; Nambu Decl. ¶ 7-8.)  Because the plaintiffs' claims do not arise out of or relate to Mizuho Bank's and Mizuho Trust's purported contacts with New York or the United States, the Court lacks specific personal jurisdiction.

Second, as in *Laydon*, the plaintiffs have not alleged that Mizuho Bank and Mizuho Trust engaged in any conduct "purposefully" directed at New York or any other state in the United States.  As in *Laydon*, the plaintiffs attempt to establish specific personal jurisdiction by alleging that it was "foreseeable" that Mizuho Bank's and Mizuho Trust's actions outside of the forum would have an "effect" in the forum.  (Compl. ¶ 54.)  "The fact that harm in the forum is foreseeable . . . is insufficient for the purpose of establishing specific personal jurisdiction over a defendant."  *In re Terrorist Attacks*, 714 F.3d at 674; *see also Laydon*, 2015 WL 1515358, at *2.  Instead, to establish specific personal jurisdiction, the plaintiff must allege facts demonstrating "[a] relationship among the defendant, the forum, and the litigation."  *Walden*, 134 S. Ct. at 1126 (internal quotation omitted).  The plaintiffs have not alleged any such facts, and therefore, specific personal jurisdiction is lacking.  *See id.* (ruling that "the mere fact that [the defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction").

The plaintiffs also cannot establish specific personal jurisdiction over Mizuho Bank and Mizuho Trust based on a "conspiracy theory" of personal jurisdiction (Compl. ¶ 174) or by alleging that defendants used electronic communications in furtherance of the alleged conspiracy (Compl. ¶ 176). These same arguments were raised and rejected by this Court in *Laydon* and the Court should do the same here. *See Laydon*, 2015 WL 1515358, at *2-4 (rejecting the plaintiff's theories of specific jurisdiction against Mizuho Bank and Mizuho Trust).

### III. MIZUHO TRUST HAS NOT BEEN PROPERLY SERVED UNDER THE HAGUE CONVENTION

The plaintiffs' claims against Mizuho Trust should also be dismissed for the independent reason that the plaintiffs did not properly serve Mizuho Trust with a summons and complaint. It is well established that "[a] federal court cannot exercise personal jurisdiction over defendants who are improperly served." *Casio Computer Co. v. Sayo*, 2000 WL 1877516, at *26 (S.D.N.Y. Oct. 13, 2000). Here, the plaintiffs sent the summons and the complaint to Mizuho Trust by Federal Express. (*See* Affidavit of Service filed by Plaintiffs (Dkt. No. 132).) But sending judicial documents by a private courier service (or even by mail) is *not* an approved means of service in Japan under the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention").[5]

Under the Hague Convention, each signatory country is required to establish a "central authority" to receive requests for service of judicial documents in proceedings in other countries and to serve such documents in a manner that is authorized by or consistent with local law. *See Fitzgibbon v. Sanyo Sec. Am., Inc.*, 1994 WL 281928, at *8 (S.D.N.Y. June 22, 1994); *see also*

---

[5] Rule 4(f) of the Federal Rules of Civil Procedure governs service of process upon defendants in a foreign country. Rule 4(f) states that, where there is a treaty with a foreign nation regarding service, service must be effected according to that treaty. Here, the United States and Japan are both signatories to the Hague Convention. As a result, in order for service on Mizuho Trust to be valid, the plaintiffs must comply with the terms of the Hague Convention. *See Casio Computer Co. v. Sayo*, 2000 WL 1877516, at *27 (S.D.N.Y. Oct. 13, 2000); *see also* Fed. R. Civ. P. 4(f)(1).

7

Article 5 of the Hague Convention. Rather than serve Mizuho Trust through the Japanese central authority (as in *Laydon*), the plaintiffs attempted to take a shortcut and sent Mizuho Trust a copy of the summons and the Complaint by Federal Express. (*See* Affidavit of Service filed by Plaintiffs (Dkt. No. 132).) In support of this procedure, the plaintiffs cite Article 10 of the Hague Convention. Article 10, however, states that a party may "send judicial documents, by postal channels, directly to persons abroad." It does not say that a party may "serve" judicial documents by a private courier service. *Service* of judicial documents is covered by other provisions in the Hague Convention, and these provisions do not permit service by mail, let alone private courier service.

      Courts in this district that have analyzed these provisions agree that "the Hague Convention does not authorize service of process by mail in Japan and [ ] Article 10(a) permits only 'a method for sending subsequent documents after service of process has been obtained by means of the central authority.'" *See Fitzgibbon*, 1994 WL 281928, at *9 (quoting *Charas v. Sand Tech. Sys. Int'l Inc.*, 1992 WL 296406, at *2 (S.D.N.Y. Oct. 7, 1992)). For these reasons, the plaintiffs' service of the summons and the Complaint on Mizuho Trust by Federal Express is not effective service under the Hague Convention, and the plaintiffs' claims against Mizuho Trust should be dismissed. *See, e.g.*, *NSM Music, Inc. v. Villa Alvarez*, 2003 WL 685338, at *2 (N.D. Ill. Feb. 25, 2003) (finding service of foreign defendants ineffective in part because plaintiff "used Federal Express, which is neither a 'postal channel' (the term used in the Hague Convention) nor 'mail' (the term used in the Federal Rules), at least as that term is commonly understood").

8

## CONCLUSION

For the foregoing reasons, this Court should dismiss the Complaint with prejudice against Mizuho Bank and Mizuho Trust for lack of personal jurisdiction and insufficient service of process.

Dated: New York, New York
February 1, 2016

SHEARMAN & STERLING LLP

By: /s/ Jerome S. Fortinsky
　　Jerome S. Fortinsky
　　John A. Nathanson
　　Jeffrey J. Resetarits

599 Lexington Avenue
New York, NY 10022-6069
Telephone:  212-848-4000
Facsimile:  212-848-7179
jfortinsky@shearman.com
john.nathanson@shearman.com
jeffrey.resetarits@shearman.com

*Attorneys for Defendants Mizuho Bank, Ltd. and Mizuho Trust and Banking Co., Ltd.*