UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONTERRA CAPITAL MASTER FUND, LTD., *et al.*,<br><br>Plaintiffs,<br><br>- against -<br><br>UBS AG, *et al.*,<br><br>Defendants. | Docket No. 15-cv-5844 (GBD) (HBP) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION ON CONSENT TO AMEND THE MARCH 10, 2017 JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)**

Plaintiffs Sonterra Capital Master Fund, Ltd., Hayman Capital Master Fund, L.P., Japan Macro Opportunities Master Fund, L.P., and the California State Teachers' Retirement System (collectively, "Plaintiffs") move, with the consent of Defendants The Bank of Tokyo-Mitsubishi UFJ, Ltd. ("BTMU") and Mitsubishi UFJ Trust and Banking Corporation ("MUTB"), pursuant to Federal Rules of Civil Procedure 60(b), to further amend the March 10, 2017 Judgment [ECF No. 315] as amended on June 19, 2017 [ECF No. 335] ("Judgment").

## INTRODUCTION AND FACTUAL BACKGROUND

The law has a strong policy favoring class action settlements.[1] Plaintiffs executed a binding settlement term sheet with BTMU and MUTB on December 4, 2017, and a Stipulation and Agreement of Settlement on January 23, 2018 ("Settlement"). The Settlement contemplates a global settlement of this action and the related action *Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419 ("*Laydon*").

There is of course no question as to the Court's jurisdiction to consider preliminary approval of a settlement in the *Laydon* Action, which has been proceeding against the non-settling Defendants and stayed as to both BTMU and MUTB. The same is true with respect to the *Sonterra* Action, notwithstanding the Court's Judgment.

In order to move forward with the Settlement, Plaintiffs respectfully request that this Court enter the accompanying proposed amended judgment to further amend the Judgment pursuant to Federal Rule of Civil Procedure 60, and retain and exercise jurisdiction over BTMU and MUTB to consider approval in the *Sonterra* action of their settlement with Plaintiffs. Following amendment of

---

[1] *See Ehrheart v. Verizon Wireless*, 609 F.3d 590, 595 (3d Cir. 2010) (finding a "strong judicial policy in favor of class action settlement"); *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009); *see also In re Sony Corp. SXRD*, 448 F. App'x 85, 87 (2d Cir. 2011).

the Judgment, Plaintiffs will then move this Court for approval of the Settlement in *Sonterra* pursuant to Federal Rule of Civil Procedure 23(e).

This Court already approved this same procedure in connection with Plaintiffs' settlements with the Deutsche Bank and JPMorgan Defendants last year.  *See* ECF Nos. 334-35, 345.

## ARGUMENT

### I.  The judgment may be amended under Federal Rule of Civil Procedure 60(b)

Rule 60(b) permits a court, in its discretion, to grant relief from a judgment for "any . . . reason that justifies [such] relief."  FED. R. CIV. P. 60(b)(6). Plaintiffs are seeking an amendment that will exclude BTMU and MUTB from the Judgment so the Court can consider their settlement with Plaintiffs.

This Court has already held that it had subject matter jurisdiction in granting final approval to Plaintiffs' class action settlements with the Deutsche Bank and JPMorgan Defendants last year despite the dismissal of this Action. *See* ECF No. 389 ¶ 4 ("To the extent that one or both of the Actions has been dismissed, the Court has retained subject matter jurisdiction to approve the Settlements . . . in both of the Actions."). As the Third Circuit held in *Ehrheart,* 609 F.3d at 596-97, the settlement agreement itself can supply the requisite case or controversy under Article III.  The Court retains "the ability and the authority to approve the [class] settlement" separate and apart from its subject matter jurisdiction over the underlying claims because, prior to approval of the settlement, the settling parties "still [have] a 'personal stake in the outcome'" of the litigation, *i.e.*, their interest in the settlement agreement itself.  Moreover, "the strong judicial policy in favor of class action settlement," including that there is "complete assurance that a settlement agreement is binding once it is reached," is so strong that this interest is not affected even if the underlying cause of action is no longer valid.  *Id.* at 595-96; *see also Schumacher v. SC Data Center, Inc.*, No. 2:16-cv-04078

2

(NKL), 2016 WL 7007539, at *4 (W.D. Mo. Nov. 29, 2016) (plaintiff's standing to bring the underlying claim is "irrelevant to whether she has standing to enforce the parties' settlement agreement" because she "has a personal, concrete interest in whether the settlement agreement is enforced, and thus, the Court has the authority to review and approve it.").

Here—like in *Ehrheart* and *Schumacher*—Plaintiffs, BTMU, and MUTB have a "personal, concrete interest" in enforcing their binding agreement sufficient to supply this Court with subject matter jurisdiction for the purposes of reviewing and approving the settlement.

## CONCLUSION

For the reasons stated above, the Court should grant Plaintiffs' motion to further amend the Judgment to exclude BTMU and MUTB for the purpose of considering approval of the Settlement.

Dated: February 6, 2018  
White Plains, New York

**LOWEY DANNENBERG, P.C.**

By: /s/ Vincent Briganti  
Vincent Briganti  
Geoffrey M. Horn  
Peter D. St. Phillip  
44 South Broadway, Suite 1100  
White Plains, New York 10601  
Tel.: 914-997-0500  
Fax: 914-997-0035  
vbriganti@lowey.com  
ghorn@lowey.com  
pstphillip@lowey.com

*Interim Lead Counsel*

Joseph J. Tabacco, Jr.  
Todd A. Seaver  
**BERMAN TABACCO**  
44 Montgomery Street, Ste. 650  
San Francisco, CA 94104  
Tel.: 415-433-3200  
Fax: 415-433-6282

3

Patrick T. Egan
**BERMAN TABACCO**
One Liberty Square
Boston, MA 02109
Tel.: 617-542-8300
Fax: 617-542-1194

Christopher Lovell
Gary S. Jacobson
**LOVELL STEWART HALEBIAN JACOBSON LLP**
61 Broadway, Suite 501
New York, NY 10006
Tel.: 212-608-1900
Fax: 212-719-4677

*Additional Counsel for Plaintiffs*

4