UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 1 2 2018

| | |
|---|---|
| SONTERRA CAPITAL MASTER FUND, LTD., HAYMAN CAPITAL MASTER FUND, L.P., JAPAN MACRO OPPORTUNITIES MASTER FUND, L.P., and CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>UBS AG, UBS SECURITIES JAPAN CO. LTD., MIZUHO BANK, LTD., THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, RESONA BANK, LTD., J.P. MORGAN CHASE & CO., JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, DB GROUP SERVICES UK LIMITED, MIZUHO TRUST AND BANKING CO., LTD., THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, THE BANK OF YOKOHAMA, LTD., SOCIÉTÉ GÉNÉRALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, RBS SECURITIES INC., BARCLAYS BANK PLC, BARCLAYS PLC, BARCLAYS CAPITAL INC., CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COÖPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, ICAP PLC, ICAP EUROPE LIMITED, R.P. MARTIN HOLDINGS LIMITED, MARTIN BROKERS (UK) LTD., TULLETT PREBON PLC, BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., MERRILL LYNCH INTERNATIONAL, AND JOHN DOE NOS. 1-50,<br><br>Defendants. | Docket No. 15-CV-5844 (GBD) |

[PROPOSED] **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE OF THE BANK OF TOKYO-MITSUBISHI UFJ, LTD. AND <u>MITSUBISHI UFJ TRUST AND BANKING CORPORATION</u>**

This matter came for a duly-noticed hearing on July 12, 2018 (the "Fairness Hearing"), upon the Plaintiffs'[1] Motion for Final Approval of Settlements with The Bank of Tokyo-Mitsubishi UFJ, Ltd. (now known as MUFG Bank, Ltd.) ("BTMU") and Mitsubishi UFJ Trust and Banking Corporation ("MUTB" and with BTMU, the "Settling Defendants") in the related actions captioned *Laydon v. Mizuho Bank, Ltd., et al.*, No. 12-cv-3419 (GBD) (S.D.N.Y.) ("*Laydon*") and *Sonterra Capital Master Fund Ltd., et al. v. UBS AG, et al.*, No. 15-cv-5844 (GBD) (S.D.N.Y.) ("*Sonterra*") (collectively, the "Actions"), which was consented to by the Settling Defendants (together with Plaintiffs, the "Parties"). The Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Final Judgment hereby incorporates by reference the definitions in the Stipulation and Agreement of Settlement with BTMU and MUTB entered into on January 23, 2018 (the "Settlement Agreement"), and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. The Court finds that it has subject matter jurisdiction under 28 U.S.C. § 1331 to enter this Final Judgment and that it has personal jurisdiction over the Plaintiffs, BTMU and MUTB (in the Actions only and for purposes of this Settlement), and all members of the Settlement Class. To the extent that one or both of the Actions has been dismissed, the Court has retained subject matter jurisdiction to enter this Final Judgment in both of the Actions. *See Ehrheart v. Verizon Wireless*, 609 F.3d 590 (3d Cir. 2010).

3. The Actions, including each claim in the Actions, are hereby dismissed with prejudice on the merits as to BTMU and MUTB and without fees or costs.

---

[1] The Plaintiffs are Jeffrey Laydon, Sonterra Capital Master Fund, Ltd., Hayman Capital Master Fund, L.P., Japan Macro Opportunities Master Fund, L.P., and the California State Teachers' Retirement System ("CalSTRS").

4.  Upon the Settlements becoming final in accordance with their terms, all of the following claims shall be released. Specifically:

(A)  The Releasing Parties finally and forever release and discharge from and covenant not to sue the Released Parties for any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Actions, or which could have been alleged in the Actions against the Released Parties concerning any Euroyen-Based Derivatives or any similar financial instruments priced, benchmarked, or settled to Yen-LIBOR or Euroyen TIBOR purchased, sold, held, traded, and/or transacted by the Representative Plaintiffs, Class Members, and/or Settling Class Members (to the extent such similar financial instruments were entered into by a U.S. Person, or by a Person from or through a location within the U.S.), or in which any of the foregoing otherwise had any interest, including, but not limited to, any alleged manipulation of Euroyen TIBOR and/or Yen-LIBOR under the Commodity Exchange Act, 7 U.S.C. § 1 *et seq.*, or any other statute, regulation, or common law, or any purported conspiracy, collusion, racketeering activity, or other improper conduct relating to Euroyen TIBOR and/or Yen-LIBOR (including, but not limited to, all claims under Section 1 of the Sherman Antitrust Act 15 U.S.C. § 1 *et seq.*, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and any other federal or state statute, regulation, or common law). The following claims shall not be released by this Settlement: (i) any claims against former BTMU and MUTB employees arising solely from those former employees' conduct that occurred while not employed by BTMU and MUTB; (ii) any claims against the named Defendants in these Actions other than BTMU and MUTB; (iii) any claims against inter-dealer brokers or their employees or agents when and solely to the extent they were engaged as employees or agents of the other Defendants or of inter-dealer brokers; or (iv) any claims against any Defendant who may be subsequently added in these Actions. For the avoidance of doubt, Released Claims does not include claims arising under foreign law based solely on transactions executed entirely outside the United States by Settling Class Members domiciled outside the United States.

(B)  Although the foregoing release is not a general release, such release constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Actions), which provides as follows:

2

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code. The Settling Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts. In entering and making this Agreement, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

5. The Court, finding no just reason for delay, directs pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that the judgment of dismissal as to BTMU and MUTB shall be final and entered forthwith.

**IT IS SO ORDERED.**

Signed this 12th day of July, 2018.

_George B. Daniels_
Honorable George B. Daniels
United States District Judge

3