**WILMERHALE**

August 20, 2020

**VIA ECF**

David Sapir Lesser

+1 212 230 8851 (t)
+1 212 230 8888 (f)
david.lesser@wilmerhale.com

The Honorable George B. Daniels
United States District Judge
United States District Court for the
   Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**SO ORDERED:**

*/s/ George B. Daniels*

**George B. Daniels, U.S.D.J.**

Dated: AUG 2 4 2020

Re: ***Sonterra Capital Master Fund Ltd., et al. v. UBS AG, et al.***, No. 15-cv-5844 (GBD) (SLC)

Dear Judge Daniels:

I write jointly on behalf of all parties concerning Plaintiffs' proposed Second Amended Complaint ("PSAC"). On July 31, 2020, pursuant to the schedule agreed to by the parties and endorsed by the Court (ECF No. 477), Plaintiffs made the PSAC available for review by Defendants. The schedule contemplated that Defendants would notify Plaintiffs no later than noon ET on Friday, August 14 whether they consented to or opposed the amendment, which Defendants did, and provided that "[n]othing in this process shall constitute a waiver of any defense that may be available to Defendants." ECF No. 477 at 1.

Defendants, having reviewed the PSAC, do not consent to the proposed amendment. Nevertheless, the parties have conferred and respectfully submit that, rather than Defendants opposing a motion for leave to amend and subsequently moving to dismiss the operative pleading, it would be more efficient and to the benefit of all parties and the Court if Plaintiffs file the PSAC as the Second Amended Complaint ("SAC") by August 24, 2020, and Defendants then move to dismiss the SAC on any and all available grounds in a single round of omnibus briefing.

Accordingly, the parties propose that the Court grant Plaintiffs leave to file the PSAC as the SAC pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and order that (1) the parties shall brief all grounds for dismissal under the schedule previously ordered (ECF No. 477) and (2) the filing of the SAC shall not effect any waiver by Defendants of, or otherwise affect, any defenses or arguments that Defendants may have, including without limitation lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim, and any other grounds contemplated in Rules 12 and 17 of the Federal Rules of Civil Procedure.

WILMERHALE

Honorable George B. Daniels
August 20, 2020
Page 2


Respectfully submitted,

*/s/ David Sapir Lesser*
David Sapir Lesser

cc:     All counsel of record (via ECF)