# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

David Lesser
Direct Dial: +1 212 556 2261
dlesser@kslaw.com

August 3, 2021

**VIA ECF**

The Honorable George B. Daniels
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Sonterra Capital Master Fund Ltd., et al. v. UBS AG, et al.*, No. 15-cv-5844 (GBD) (SLC)

Dear Judge Daniels:

    We represent Defendants NatWest Group plc, NatWest Markets plc, NatWest Markets Securities Japan Ltd., and NatWest Markets Securities Inc. in the above-referenced action. We write on behalf of all Defendants to notify the Court of the Second Circuit's Summary Order in the *SSA Bonds Antitrust Litigation*, No. 20-1759-cv (2d Cir. July 19, 2021) ("*SSA Bonds*"), as supplemental authority relevant to Defendants' Motion to Dismiss the Second Amended Class Action Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim. ECF No. 505 ("Motion to Dismiss"). The *SSA Bonds* decision, attached hereto as Exhibit A, supports Defendants' argument in the Motion to Dismiss that Plaintiffs' antitrust claim asserting a single, sweeping, nearly six-year-long conspiracy to manipulate Yen LIBOR, supposedly involving 18 Defendants and numerous alleged co-conspirators, is implausible and should be dismissed.

    In *SSA Bonds*, the plaintiffs alleged a conspiracy involving a "super-desk" consisting of more than 20 entities in different countries as well as individual traders, who conspired "[e]very day, nearly all day" and purportedly tainted every single one of their SSA bond transactions for a nearly seven-year period. Slip op. at 14. In support of their claims, the plaintiffs offered allegations of trader communications, regulatory findings, and statistical analyses.[1] Noting that

---

[1] In *SSA Bonds*, the complaint alleged the existence of a competition investigation by the European Commission (the "EC"), and when the EC issued findings that several defendant banks took part in a conspiracy in the SSA bond market, the plaintiffs brought the findings to the Court's attention. *See SSA Bonds*, Dkt. No. 273-1.

The Honorable George B. Daniels
Page 2

the plaintiffs had refused to plead a narrower conspiracy, the Second Circuit accordingly evaluated the plaintiffs' claims precisely as they were alleged, *i.e.*, as "an antitrust conspiracy involving *all* defendants and affecting *all* trades with the defendants," slip op. at 14 (emphases in original), and concluded that the plaintiffs had "cast a net so wide that the claimed antitrust conspiracy is implausible as alleged," *id*.  For example, the Second Circuit explained that the plaintiffs there had failed to link each defendant individually to specific acts of anticompetitive conduct in furtherance of the conspiracy, which rendered the broad conspiracy alleged by the plaintiffs implausible.  *Id.* at 15.

Similarly here, Plaintiffs, relying on trader communications, the results of regulatory investigations, and statistical analyses, are alleging a single, sweeping conspiracy of "staggering" breadth, supposedly involving a "pervasive and persistent," price-fixing conspiracy among *18 Defendants and additional co-conspirators* to manipulate Yen LIBOR over a nearly six-year period.  Second Am. Compl. ¶¶ 2, 4, 47, 953 (ECF No. 489).  And likewise, Plaintiffs have not come close to linking each defendant individually to specific acts in furtherance of that broad conspiracy as alleged.  *See* ECF No. 525 at 33-37.  To the contrary, at most, the Complaint suggests that at times some individual traders at certain banks possibly were motivated to manipulate Yen LIBOR unilaterally to suit their own trading positions, not—as Plaintiffs allege—that all Defendants agreed with one another to do so persistently over the course of a nearly six-year period.  *See id.* at 35-36; ECF No. 547 at 27.  Indeed, the Complaint alleges no interbank communications at all with respect to some Defendants, much less plausibly alleges that those Defendants were part of any supposed conspiracy.  *See* ECF No. 525 at 35.  As in *SSA Bonds*, Plaintiffs cannot elide their own strategic decision to cast such a wide net without allegations to support it, and the Court should evaluate Plaintiffs' overly broad antitrust claim exactly as it is pleaded and dismiss it as implausible.

Defendants respectfully request that the Court consider the Second Circuit's *SSA Bonds* decision in further support of their pending Motion to Dismiss.

Respectfully submitted,

*/s/ David Lesser*
David Lesser

Enclosure

cc:  All counsel of record (via ECF)