UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC as assignee and successor-in-interest to Sonterra Capital Master Fund, Ltd., HAYMAN CAPITAL MASTER FUND, L.P., JAPAN MACRO OPPORTUNITIES MASTER FUND, L.P., and CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>                          Plaintiffs,<br>          against<br><br>UBS AG, UBS SECURITIES JAPAN CO. LTD., SOCIÉTÉ GÉNÉRALE S.A., NATWEST GROUP PLC, NATWEST MARKETS PLC, NATWEST MARKETS SECURITIES JAPAN LTD, NATWEST MARKETS SECURITIES, INC., BARCLAYS BANK PLC, BARCLAYS PLC, COÖPERATIEVE RABOBANK U.A., LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, NEX INTERNATIONAL LIMITED, ICAP EUROPE LIMITED, TP ICAP PLC, BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., MERRILL LYNCH INTERNATIONAL, AND JOHN DOE NOS. 1-50,<br><br>                          Defendants. | CIVIL ACTION NO.: 15 Civ. 05844 (GBD) (SLC)<br><br>[PROPOSED] CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

**WHEREAS**, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that for any party[1] subject to this Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third-parties providing discovery in this action, and all other interested parties with actual or constructive notice of this order—the following restrictions and procedures shall apply to the information and

---

[1] References to 'party' throughout this order include named parties in the action, as well as persons not named in the action but subject to this Protective Order.

documents exchanged by the parties in connection with the pre-trial phase of this action:

1.      All information of any kind provided in the course of discovery in this action, including, without limitation, written discovery responses and deposition testimony, shall be referred to as "Discovery Material."  Any party subject to this Order who receives from any other party any Discovery Material shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder.

2.      All Discovery Material produced or disclosed in connection with this action shall be used or further disclosed solely for the prosecution or the defense of this action (including any appeal therefrom) and for no other purpose, including use in other legal actions, present or future.

3.      Counsel for any party may designate any Discovery Material, in whole or in part, as "Confidential" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client, and that the material consists of:

   a.   financial information not previously disclosed to the public, including, without limitation, profit and loss reports or estimates, trading positions, transactional data, liquidity reports, bank exposure data, materials related to fees received for services provided, and materials related to employee compensation;

   b.   confidential, proprietary, financial, customer, client or commercial information or data, or nonpublic research or business development;

   c.   non-public material relating to ownership or control of any non-public company;

   d.   non-public business plans, trading and investment strategies or data, product development information, or marketing plans;

   e.   any information of a personal or intimate nature regarding any individual;

   f.   any information kept confidential or the use or disclosure of which is restricted pursuant to any domestic or foreign law, regulation, or court order, including but not limited to any applicable data privacy laws;

   g.   any information that constitutes confidential information under Federal Rule of Civil Procedure 26(c); or

   h.   any other category of information given Confidential status by the Court.

4.      The producing party may designate any Discovery Material, in whole or in part, as "Highly Confidential" Discovery Material if counsel determines, in good faith, that such designation is necessary to protect the interests of the client, and that the material consists of:

a. trade secrets or other information that the party reasonably believes the unauthorized disclosure of which would result in competitive, commercial or financial harm to the producing party or its personnel, clients, or customers;

b. any other material the producing party believes in good faith would not otherwise be adequately protected under the procedures set forth herein if designated Confidential;

c. information to which applicable law–foreign or domestic–requires the equivalent of Highly Confidential treatment, including but not limited to any applicable data protection and/or privacy laws and/or undisclosed financial information of a third party. Examples of such laws potentially include but are not limited to: the English law of confidence (created by the courts rather than by statute, and including its equivalents in other common law legal systems); laws implementing Regulation (EU) 2016/679, the General Data Protection Regulation (including but not limited to the Data Protection Act 2018 (c. 12) (United Kingdom personal information)); French Bank Secrecy Statute (Article L.511-33 of the French Monetary and Financial Code); the French Information Technology, Data Files and Civil Liberties Act (Law no. 78-17 dated 6 January 1978) as amended by Act No. 2018-493 dated 20 June 2018 on Personal Data Protection; French Law No. 68-678 of July 26, 1968 relating to the Communication of Economic, Commercial, Industrial, Financial or Technical Documents and Information to Foreign Individuals or Legal Entities, as modified by Law No. 80-538 of July 16, 1980 (the "French Channeling Statute"); the Japanese law of customer confidentiality (also created by the courts); Section 47 (and related provisions) of the Banking Act (Cap. 19) of Singapore; the Swiss Federal Act on Banks and Savings Banks 1934; Articles 162, 271, and 273 of the Swiss Criminal Code; Article 328b of the Swiss Code of Obligations; the Swiss Federal Act on Data Protection of June 19, 1992, and related ordinances and regulation, in each case as amended; or

d. any other category of information given Highly Confidential status by the Court.

5. With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing party or that party's counsel may designate such portion as Confidential or Highly Confidential by stamping or otherwise clearly marking as Confidential or Highly Confidential the protected portion in a manner that will not interfere with legibility or audibility. Deposition transcripts and exhibits may be designated as Confidential or Highly Confidential either on the record or by written notice to the parties within thirty (30) days after receipt of the final deposition transcript. During the 30-day designation period, all deposition transcripts and exhibits shall be treated as Highly Confidential. To the extent deposition transcripts or exhibits are designated as Confidential or Highly Confidential, such transcripts of the designated testimony and any such exhibits shall be bound in a separate volume

and marked "Confidential Discovery Material Governed by Protective Order" or "Highly Confidential Discovery Material Governed by Protective Order" by the reporter as so designated.

6.      Any court reporter or videographer who transcribes or videotapes testimony at a deposition in this action containing Confidential or Highly Confidential Discovery Material shall: (a) treat copies of any transcript, reporter's notes, videotapes, or any other transcription records as Confidential or Highly Confidential Discovery Material, and (b) deliver any transcript containing Confidential or Highly Confidential Discovery Material only to counsel, the witness or the Court (filed under seal).

7.      During a deposition, only parties to whom, respectively, disclosure of Confidential or Highly Confidential Discovery Material is permitted under Paragraphs 9 or 10 of this Order shall remain present while Confidential or Highly Confidential Discovery Material is being used or discussed. If, during the course of a deposition, the response to a question would require the witness to disclose Confidential or Highly Confidential Discovery Material, any person not authorized under the Order to receive such information shall be asked to leave the room.

8.      In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.  Nothing in this Protective Order constitutes an admission by any party that Confidential or Highly Confidential Discovery Material disclosed in this action is relevant or admissible.  Each party reserves the right to object to the use or admissibility of the Confidential or Highly Confidential Discovery Material.

9.      Discovery Material designated as Confidential shall not be disclosed to any party, and shall not be summarized, described, characterized, otherwise communicated, or made available to any party, except to individuals described in the below subparagraphs.  Any disclosure permitted by this paragraph may be made only to the following parties and only to the extent reasonably necessary to prosecute and defend this action:

      a.    The parties to this action and their counsel, including in-house counsel and, with respect to documents designated as Confidential that was produced by a non-party, also to such non-party;

      b.    Employees of such counsel participating in the prosecution and defense of this matter in their roles as lawyers, including any secretaries, paralegals, translators, clerical, or other assistants employed by such counsel and assigned to the litigation;

      c.    Consultants, experts, or any other party retained by a party to provide specialized advice or services to counsel and assist in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

      d.    Independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and

computer service personnel performing duties in relation to a computerized litigation system;

    e.    The Court (including the mediator, or other party having access to any Confidential Discovery Material by virtue of his or her position with the Court);

    f.    Current officers, directors, or employees of the parties to the extent that such disclosure is reasonably necessary to assist in the prosecution or defense of the action;

    g.    As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    h.    In connection with their depositions or trial testimony, witnesses and their counsel;

    i.    Stenographers or videographers engaged to transcribe or record depositions conducted in this action; and

    j.    Any other party whom the producing party agrees in writing may have access to such Confidential Discovery Material.

10.    Discovery Material designated as Highly Confidential shall not be disclosed to any party, and shall not be summarized, described, characterized, otherwise communicated, or made available to any party, except to individuals described in the below subparagraphs. Any disclosure permitted by this paragraph may be made only to the following parties and only to the extent reasonably necessary to prosecute and defend this action:

    a.    The parties to this action and their counsel, including in-house counsel and, with respect to documents designated as Highly Confidential that was produced by a non-party, also to such non-party;

    b.    Employees of such counsel participating in the prosecution and defense of this matter in their roles as lawyers, including any secretaries, paralegals, translators, clerical, or other assistants employed by such counsel and assigned to the litigation;

    c.    Personnel of a party necessary to assist with the litigation who agree to not disclose any information to other personnel and to use the information disclosed solely for the purpose of assisting with the litigation may have access to Highly Confidential Discovery Material to the extent necessary to assist with the litigation;

> d.   Consultants, experts, or any other party retained by a party to provide specialized advice or services to counsel and assist in the prosecution or defense of the matter, to the extent deemed necessary by counsel;
>
> e.   Independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;
>
> f.   The Court (including the mediator, or other party having access to any Highly Confidential Discovery Material by virtue of his or her position with the Court);
>
> g.   As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;
>
> h.   In connection with their depositions or trial testimony, witnesses and their counsel;
>
> i.   Stenographers or videographers engaged to transcribe or record depositions conducted in this action; and
>
> j.   Any other party whom the producing party agrees in writing may have access to such Highly Confidential Discovery Material.

11.    Prior to disclosing or displaying the Confidential or Highly Confidential Discovery Material to any experts, consultants,  or other parties retained to provide specialized advice to counsel in connection with this action as set forth in Paragraphs 9-10, counsel must:

> a.   Inform the person of the confidential nature of the information or documents;
>
> b.   Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
>
> c.   Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

12.    For each individual required to sign the Non-Disclosure Agreement, counsel shall retain each signed Non-Disclosure Agreement, and, upon written request at least one business day in advance of a deposition, hearing, or trial, shall produce it to opposing counsel prior to such individual being permitted to testify (at deposition, hearing, or trial).

13.    Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this action or from relying upon or generally referring to

Confidential or Highly Confidential Discovery Material in rendering such advice; provided, however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of the Discovery Material if such disclosure is not otherwise permitted under this Order.

14.     Nothing in this Order shall limit a producing party's rights concerning the Discovery Material it produces.

15.     Nothing in this Order shall limit a producing party from redacting personal data or other confidential information from any Discovery Material produced in this action. Nothing in this Order shall limit any party receiving such redacted Discovery Material from challenging the producing party's redactions.

16.     Regarding Discovery Material related to experts:

    a.     The provisions of Federal Rule of Civil Procedure 26(b)(3)(A)-(C) and 26(b)(4)(A)-(D), shall apply to the protection of draft expert reports and communications between a party's attorney(s) and the party's expert(s) to the extent that they are not inconsistent with the terms of this Order.

    b.     Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this action. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

    c.     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report(s), trial and/or deposition testimony or any opinion presented in this action. No discovery can be taken from any non-testifying or consulting expert.

    d.     No conversations or communications between parties and/or counsel and any testifying expert will be subject to discovery unless the conversations or communications identify facts or data provided by counsel and are actually relied upon by such expert in forming his or her final report(s), trial and/or deposition testimony or any opinion presented in this action.

17.     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 15(a)—(d) shall be treated as attorney-work product for the purposes of this action and this Order.

18.     The disclosure of a document or information without designating it as Confidential or Highly Confidential shall not constitute a waiver of the right to designate such document or information as Confidential or Highly Confidential Discovery Material.  If so designated, the document or information shall thenceforth be treated as Confidential or Highly Confidential Discovery Material subject to all the terms of this Stipulation and Order.

19.     If at any time prior to the trial of this action, a party realizes that some portion[s] of Discovery Material previously produced should be designated as Confidential or Highly Confidential, he may so designate them by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order. The producing party shall provide to each other party replacement versions of such Discovery Material that bears the new designation within ten (10) business days of such notice or resolution of any dispute by agreement of the parties or the Court, or, in the case of voluminous material or other exceptional circumstances, as soon as is practicable.

20.     Each party who has access to Confidential or Highly Confidential Discovery Material produced by others shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of such material or information contained or reflected in such material, including, without limitation, in the form of notes, summaries, or analyses of such material.  Such party shall at a minimum, (i) take commercially reasonable measures to ensure the Confidential or Highly Confidential Discovery Material is protected against loss, interference and misuse and from unauthorized access, modification and disclosure; and (ii) exercise at least the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information of equivalent confidentiality. If any party storing or maintaining another party's Confidential or Highly Confidential Discovery Material subject to this Order discovers any loss of or a breach of security including any actual or suspected unauthorized access, relating to such Discovery Material, such party shall: (1) promptly take all necessary and appropriate corrective action to terminate the unauthorized access; (2) promptly provide written notice to the producing party of such breach; (3) investigate and make reasonable efforts to mitigate the effects of the breach; and (4) provide sufficient information about the breach that the producing party can reasonably ascertain the size and scope of the breach and comply with any applicable United States or foreign data protection and/or privacy laws.

21.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

22.     Further, if, in connection with this litigation, a party believes it has inadvertently produced Discovery Material that is subject to any other claim of privilege or protection, including a claim of protection under United States or foreign bank disclosure or foreign bank secrecy laws or regulations (including but not limited to Confidential Supervisory Information or Suspicious Activity Report privileges), United States or foreign data protection and/or privacy laws, or any other applicable United States or foreign statute, law, regulation, privilege, court order, restriction, or immunity from disclosure ("Inadvertently Disclosed Information"), such disclosure shall not

constitute or be deemed a waiver or forfeiture of any claim of privilege, work product, or other protections with respect to the Inadvertently Disclosed Information or its subject matter.

23.     If a producing party makes a claim of inadvertent disclosure, the receiving party shall, within fourteen (14) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a written certification of counsel that all such information has been returned or destroyed.

24.     Within fourteen (14) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the producing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.  The parties may agree to extend the time periods set forth in Paragraphs 22 and 23.

25.     The receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information.  During the pendency of the motion, the receiving party must either sequester or destroy the Inadvertently Disclosed Information.  The motion shall be filed under seal, and shall not assert as a ground for entering such an order the fact of or circumstances of the production.

26.     The producing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

27.     A non-party from whom the parties seek discovery may designate Discovery Material as Confidential or Highly Confidential consistent with the terms of this Order.  In such circumstances, Discovery Material designated Confidential by a non-party shall be assigned the same protection as Discovery Material so designated by a party, and all duties applicable to a party under this Order shall apply to a non-party designating Discovery Material as Confidential or Highly Confidential. All obligations under this Order to parties receiving Discovery Material shall apply to any party receiving Discovery Material from such non-party.

28.     A party that issues a non-party subpoena ("Issuing Party") shall include a copy of this Order with the subpoena and state that the parties to this action have requested that non-parties produce documents in accordance with the specifications set forth herein.  The Issuing Party shall ensure that all other parties receive copies of any production of information by a non-party in response to a subpoena or request within (5) business days of the Issuing Party's receipt of such production, or in the case of voluminous material or other exceptional circumstances, the Issuing Party shall notify all other parties of its receipt of such production within three (3) business days, and shall provide copies of the non-party production to all other parties as soon as practicable. Nothing in this Protective Order is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the parties or non-parties to object to a subpoena.

29.     In order to expedite production of voluminous materials, a party producing Discovery Material previously produced to a regulator or to another party in another litigation may designate those collections of documents that by their nature contain Confidential or Highly Confidential Discovery Material with the appropriate designation, notwithstanding that some of

the documents within the collection may not qualify for such designation. Notwithstanding the foregoing, the receiving party may, pursuant to the procedures set forth in paragraph 8, challenge the designation of one or more particular documents on the grounds that it does not or they do not qualify for protection, or does not or do not qualify for the level of protection asserted.

30.     Confidential or Highly Confidential Discovery Material that has been produced, whether voluntarily, under subpoena or otherwise, to any regulator (including any division of any federal, state or local government in the U.S. or abroad, any division of any foreign government, or any industry self-governing, licensing or insuring entity), or that is subsequently produced to any such regulator, shall nonetheless continue to be subject to this Order and shall not cease to be Confidential or Highly Confidential Discovery Material solely because it was or is so-produced, regardless of whether such regulator made or makes such Confidential or Highly Confidential Discovery Material available to one or more third-parties.

31.     The undersigned agree to meet and confer concerning the use of any Confidential or Highly Confidential Discovery Material that the receiving party wants to use at hearings or at the trial of this action not fewer than twenty-four (24) hours in advance of the hearing or trial. The use of Confidential or Highly Confidential Discovery Material at hearings or at trial shall not cause such Confidential or Highly Confidential Discovery Material to lose its status as Confidential or Highly Confidential Discovery Material.

32.     Entry of this Order shall constitute leave of the Court, in accordance with the Court's ECF Rules & Instructions, Section 6, to file under seal all Confidential or Highly Confidential Discovery Material and all portions of pleadings, motions, or other papers filed with the Court that contain such Confidential or Highly Confidential Discovery Material. Such documents shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court.  Any party filing such material with the Clerk of the Court is granted leave from the requirement of including physical signatures (as opposed to electronic signatures) on the documents to be filed under seal. The parties will use their best efforts to minimize such sealing. The parties shall, within five (5) days after the filing of a document under seal, meet and confer to discuss appropriate redactions and file a redacted document in public view within ten (10) business days of the document filed under seal.

33.     This Protective Order shall survive the termination of the litigation.  Upon written request of the producing party after the conclusion of litigation no longer subject to further appeal, Confidential or Highly Confidential Discovery Material and any copies thereof shall be promptly (and in no event later than 60 days after the producing party's written request) be returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files (including any Confidential or Highly Confidential Discovery Material attached to or otherwise contained in emails) on the condition that those files will remain protected.

34.     Nothing herein shall preclude the parties from disclosing material designated Confidential or Highly Confidential Discovery Material if otherwise required by law or pursuant to a valid subpoena.  If any party receives a subpoena, order or other request from a court, administrative or legislative body, or any other party or entity not a party to the above-captioned action purporting to have authority to require the production of any Discovery Material, that party

shall give written notice (by email, if possible) within ten days to counsel for the party or parties that produced the Discovery Material, provided doing so would not result in violation of any law or government directive. The party receiving the subpoena shall not produce Discovery Material until the other parties have had a reasonable opportunity to bring a motion to prevent or limit the disclosure, provided doing so would not result in violation of any law or government directive.

35.     This Court shall retain jurisdiction over all parties subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

36.     This Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflict of law principles of the State of New York.  Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with its rules

37.     Nothing herein shall preclude any party from seeking modification of this Order, entry of a supplemental protective order, or additional protection for particular documents for good cause.

38.     By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Order.

39.     This Stipulation and Order may be executed in counterparts.


SO STIPULATED AND AGREED.


Dated:  February 22, 2022                    /s/ Raymond P. Girnys
                                             Vincent Briganti
                                             Raymond Girnys
                                             Christian Levis
                                             Peter A. Barile III
                                             Margaret MacLean
                                             Roland R. St. Louis, III
                                             Noelle Feigenbaum

                                             LOWEY DANNENBERG, P.C.
                                             44 South Broadway, 11th Floor
                                             White Plains, NY 10601

Tel.: 914.997.0500
vbriganti@lowey.com
rgirnys@lowey.com
clevis@lowey.com
pbarile@lowey.com
mmaclean@lowey.com
rstlouis@lowey.com
nfeigenbaum@lowey.com

*Attorneys for Plaintiffs*


Dated:  February 22, 2022                 /s/ Andrew J. Calica
                                          Steven Wolowitz
                                          Henninger S. Bullock
                                          Andrew J. Calica
                                          Victoria D. Whitney
                                          MAYER BROWN LLP
                                          1221 Avenue of the Americas
                                          New York, New York 10020
                                          Tel.: (212) 506-2500
                                          swolowitz@mayerbrown.com
                                          hbullock@mayerbrown.com
                                          acalica@mayerbrown.com
                                          vwhitney@mayerbrown.com

                                          *Attorneys for Defendant Société Générale*


Dated:  February 22, 2022                 /s/ Jefferson E. Bell
                                          Eric J. Stock
                                          Jefferson E. Bell
                                          GIBSON, DUNN & CRUTCHER LLP
                                          200 Park Avenue, 47th Floor
                                          New York, NY 10166-0193
                                          Tel: 212.351.4000
                                          Fax: 212.351.4035
                                          estock@gibsondunn.com
                                          jbell@gibsondunn.com

                                          *Attorneys for Defendant UBS AG*

Dated:  New York, New York
       February 23, 2022

SO ORDERED.

SARAH L. CAVE
United States Magistrate Judge

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC as assignee and successor-in-interest to Sonterra Capital Master Fund, Ltd., HAYMAN CAPITAL MASTER FUND, L.P., JAPAN MACRO OPPORTUNITIES MASTER FUND, L.P., and CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>against<br><br>UBS AG, UBS SECURITIES JAPAN CO. LTD., SOCIÉTÉ GÉNÉRALE S.A., NATWEST GROUP PLC, NATWEST MARKETS PLC, NATWEST MARKETS SECURITIES JAPAN LTD, NATWEST MARKETS SECURITIES, INC., BARCLAYS BANK PLC, BARCLAYS PLC, COÖPERATIEVE RABOBANK U.A., LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, NEX INTERNATIONAL LIMITED, ICAP EUROPE LIMITED, TP ICAP PLC, BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., MERRILL LYNCH INTERNATIONAL, AND JOHN DOE NOS. 1-50,<br><br>Defendants. | CIVIL ACTION NO.: 15 Civ. 05844 (GBD) (SLC)<br><br>**Non-Disclosure Agreement** |

       I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential.  I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as Confidential or Highly Confidential.  I have been informed that any such

documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any party other than for purposes of this litigation, will disclose such Confidential or Highly Confidential Discovery Material only as expressly permitted by the Protective Order, and that at the conclusion of the litigation I will destroy or return all Discovery Material to the party or attorney from whom I received it.  I further agree not to use any such information for any purpose other than this litigation.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

DATED:

_____
Signed in the presence of:

_____
(Attorney)