**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------ x
:
:
:
FUND LIQUIDATION HOLDINGS LLC as assignee    :    MEMORANDUM DECISION
and successor-in-interest to Sonterra Capital Master    :    AND ORDER
Fund, Ltd., HAYMAN CAPITAL MASTER FUND,    :
L.P., JAPAN MACRO OPPORTUNITIES MASTER    :    15 Civ. 5844 (GBD)
FUND, L.P., and CALIFORNIA STATE TEACHERS'    :
RETIREMENT SYSTEM, on behalf of themselves and    :
all others similarly situated,    :
:
                Plaintiff,    :
  -against-    :
:
UBS AG, UBS SECURITIES JAPAN CO. LTD.,    :
SOCIÉTÉ GÉNÉRALE SA, NATWEST GROUP PLC,    :
NATWEST MARKETS PLC, NATWEST MARKETS    :
SECURITIES, INC., BARCLAYS BANK PLC,    :
BARCLAYS PLC, COÖPERATIEVE CENTRALE    :
RAIFFEISEN-BOERENLEENBANK B.A., LLOYDS    :
BANKING GROUP PLC, LLOYDS BANK PLC, NEX    :
INTERNATIONAL LIMITED, ICAP EUROPE    :
LIMITED, TP ICAP PLC, BANK OF AMERICA    :
CORPORATION, BANK OF AMERICA, N.A.,    :
MERRILL LYNCH INTERNATIONAL, and JOHN    :
DOES NOS. 1-50.,    :
:
                Defendants.    :
------------------------------------ x

GEORGE B. DANIELS, United States District Judge:

      On July 24, 2015, Plaintiffs originally filed this action against Defendants asserting claims under the Sherman Act § 1, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, and state law. (ECF No. 1.) On August 24, 2020, Plaintiffs filed the operative second amended complaint. (ECF No. 489, "SAC".) On October 9, 2020, Defendants moved to dismiss the SAC for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1), for lack of personal jurisdiction pursuant to FRCP 12(b)(2), and for failure to

1

state a claim pursuant to FRCP 12(b)(6). (Not. Of Defs.' Mot. to Dismiss the SAC, (ECF No. 505).)

On September 30, 2021, this Court (1) granted Defendants' motion to dismiss all claims by Sonterra Capital Master Fund, Ltd. and Fund Liquidation Holding LLC for lack of subject matter jurisdiction; (2) denied Defendants' motion to dismiss all claims by Hayman Fund and CalSTRS for lack of subject matter jurisdiction; (3) granted Defendants' motion to dismiss count one of the SAC for failure to state a claim against all Defendants, except RBS, Société Générale, and UBS AG ("UBS"); (4) granted Defendants' motion to dismiss count two and three for all Defendants; (5) granted Defendants' motion to dismiss all claims against RBS for lack of personal jurisdiction; (6) denied Defendants' motion to dismiss all claims against Société Générale and UBS for lack of personal jurisdiction; and (7) declined to exercise supplemental jurisdiction over all state law claims except those by CalSTRS against Société Générale and UBS. (Memorandum Decision and Order (ECF No. 570), "Sept. 30, 2021 Order"; *see Fund Liquidation Holdings LLC v. UBS AG*, No. 15 CIV. 5844 (GBD), 2021 WL 4482826, at *2 (S.D.N.Y. Sept. 30, 2021).) The Court also denied Plaintiffs' request for jurisdictional discovery. *Id.*

The following claims survived this Court's Sept. 30, 2021 Order: (1) CalSTRS' Sherman Act, unjust enrichment, and breach of implied covenant of good faith and fair dealing claims against Société Générale and (2) CalSTRS' Sherman Act, unjust enrichment, and breach of implied covenant of good faith and fair dealing claims against UBS.

Société Générale now moves for clarification on whether Hayman Funds' Sherman Act claim against it is dismissed for lack of standing as Hayman Funds never alleged it transacted with Société Générale. (No. of Mo. for Clarification and Reconsideration, ECF No. 574.) For

clarification, the Court's Sept. 30, 2021 Order dismisses Hayman Funds' Sherman Act claim against Société Générale for lack of antitrust standing.

Société Générale also now moves for reconsideration of the Court's decision to deny its motion to dismiss CalSTRS' unjust enrichment claim as untimely. (*Id.*) This motion is granted— CalSTRS' unjust enrichment claim is time barred by California's three-year statute of limitations period. Thus, CalSTRS' unjust enrichment claim against Société Générale is dismissed.

UBS moves for reconsideration of the Court's decision to deny its motion to dismiss all CalSTRS' claims against UBS. (No. of Mo. for Reconsideration, ECF No. 576.) This motion is granted — a January 15, 2020 release of claims between CalSTRS and UBS bars all of CalSTRS' claims against UBS. Moreover, as the Court's Sept. 30, 2021 Order dismissed Hayman Funds' Sherman Act claim against UBS for lack of antitrust standing, all claims in this action are dismissed against UBS.

Finally, CalSTRS now moves for reconsideration of the Court's decision to grant RBS's motion to dismiss CalSTRS' claims against RBS for lack of personal jurisdiction. (No. of Mo. for Reconsideration, ECF No. 578.) This motion for reconsideration is denied, thus all claims in this action are dismissed against RBS.

## I. Legal Standard

Motions for reconsideration allow extraordinary judicial relief and thus should be granted only upon a showing of exceptional circumstances. *Bailey v. Interbay Funding, LLC*, No. 21-146, 2022 WL 852851, at *2 (2d Cir. Mar. 23, 2022) (quotations and citations omitted). Grounds justifying reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl.*

*Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). A motion for reconsideration is, however, "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted); *see also Weiss v. El Al Isr. Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").

## II. Hayman Funds' Antitrust Claim against Société Générale is Dismissed

Société Générale requests that the Court clarify its decision regarding Hayman Fund's antitrust claim against Société Générale. (Société Générale Memo. of Law in Support of Mo. for Clarification and Reconsideration, ("Soc Gen Reconsideration. Br."), ECF No. 575, at 3.) Hayman Funds' antitrust claim under the Sherman Act against Société Générale is dismissed for lack of antitrust standing as Hayman Fund did not allege that it transacted with Société Générale.

## III. Upon Reconsideration, CalSTRS' Unjust Enrichment Claim against Société Générale is Dismissed

In its motion for reconsideration, Société Générale reasserts that California's three-year statute of limitations period applies in this case, thus, barring CalSTRS' unjust enrichment claim against Société Générale. (*Id.* at 4-6.) Plaintiffs respond by noting how that argument rehashes the same point made in Société Générale's motion to dismiss briefing and, thus, is inappropriate for a motion for reconsideration. (Pls. Memo. of Law in Opp. to Soc Gen Reconsideration Br., (ECF No. 581), at 3.)

Indeed, the parties' briefing on Société Générale's motion to dismiss explored fraudulent concealment, New York's borrowing statute, and which statute of limitations applied. (Defs. Mo.

4

to Dismiss the SAC Br., ("Defs. MTD Br."), ECF No. 525, at 21, 24-26; Pls. Opp. to Defs. MTD Br., ECF No. 542, at 18 n.7, 24-26; Defs. Mo. to Dismiss the SAC Reply Br., ECF No. 547, at 14, 16.) However, upon reconsideration, Société Générale is correct.

Under New York C.P.L.R. § 213 (2), a six-year statute of limitation period applies to unjust enrichment claims. *See In re Customs & Tax Admin. of the Kingdom of Denmark (SKAT) Tax Refund Scheme Litig.*, No. 18-CV-4833 (LAK), 2021 WL 2689908, at *2 (S.D.N.Y. June 30, 2021); *Iowa Pub. Employees' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 340 F. Supp. 3d 285, 333 (S.D.N.Y. 2018); *Dennis v. JPMorgan Chase & Co.*, 343 F. Supp. 3d 122, 196 (S.D.N.Y. 2018). But New York law also calls for the Court to follow New York's borrowing statute, N.Y. C.P.L.R. § 202. "New York's borrowing statute . . . requires the Court to apply the statute of limitations of the 'foreign jurisdiction where a nonresident's cause of action accrued, if that limitations period is shorter than New York's.'" *In re Terrorist Attacks on Sept. 11, 2001*, No. 03MDL01570GBDSN, 2021 WL 640257, at *6 (S.D.N.Y. Jan. 22, 2021); *Wilmington Tr., N.A. v. Stout Risius Ross, Inc.*, No. 20 CIV. 2505 (LLS), 2021 WL 1110040, at *2 (S.D.N.Y. Mar. 23, 2021) (Applying Delaware's three-year statute of limitations to Plaintiff's breach of contract claim opposed to New York's six-year statute of limitations.)

California law provides a three-year statute of limitations period. *See* Cal. Civ. Proc. Code § 338 (West). Thus, in accordance with N.Y. CPLR § 202, the Court must choose the shorter of the periods—California's period. As both parties agree that CalSTRS was put on inquiry notice at least by July 26, 2011 (SAC ¶ 962; Soc Gen Reconsideration Br. at 5; Pls. Opp. to Defs. MTD Br. at 18) and this action was filed on July 24, 2015, CalSTRS unjust enrichment claim is time-barred.

## IV. CALSTRSs Claims Against UBS are Dismissed

Outside of a footnote mention in its motion to dismiss briefing, UBS for the first time on reconsideration directs the Court to a release of claims between CalSTRS and UBS (the "Release").[1] (Memo. of Law in Support of UBS AG's Mo. for Reconsideration, ("UBS Reconsideration Br."), ECF No. 577.) UBS argues that the Release, executed on January 15, 2020, barred "all of CalSTRS's claims against UBS." (UBS Reconsideration Br. at 3.) UBS explains that it only included the UBS settlement in footnotes in its motion to dismiss briefings because, at that time, UBS was one "of nearly twenty defendants. . . [and] the joint motion necessarily focused on merits arguments common to all Defendants. . . ." (Reply Memo. of Law in Support of UBS AG's Mo. for Reconsideration, ECF No. 589, at 9.) Plaintiff argues that it is inappropriate for UBS to rely on the Release for the "first time on reconsideration." (Pl. Opp. to UBS Reconsideration Br., ECF No. 582, at 1.) Citing to various cases where courts declined to consider arguments made in footnotes, Plaintiff also asserts that UBS's citation to the UBS Settlement was not properly raised. (*Id.* at 4.)

On one hand, there is no legitimate reason why Plaintiffs failed to cite the Release in the SAC or why UBS failed to substantively proffer the Release between CalSTRS and UBS (or any release of claims between any of the parties) in their motion to dismiss briefing. A footnote mention of the broader UBS settlement is hardly enough to put the Court on notice that a release of claims existed between two specific litigants. Even during oral argument, no defense counsel

---

[1] Indeed, Defendant's footnote citations only refer to the UBS Settlement ("CalSTRS released its claims in this action against Barclays PLC, Barclays Bank PLC, UBS AG, and UBS Japan pursuant to settlements relating to LIBOR between those entities and more than 40 state Attorneys General"). It did not reference the Release between CalSTARS and UBS.

6

directed the Court to the Release, and UBS's explanation of why they failed to include more details about the Release is wanting.

On the other hand, the Release is unambiguous: CalSTRS released UBS from:

> all civil claims, counterclaims, cross-claims, setoffs, civil causes of action of any type. . . and claims for damages, restitution, disgorgement, or rescission, and liabilities of any nature, including, but not limited to, costs, fines, debts, expenses, penalties and attorneys' fees, known or unknown, that it has against [UBS], arising out of the Relevant Conduct, or any alleged misconduct with respect to other IBORs during the period of January 1, 2006 through December 31, 2010, including, but not limited to, any and all claims that have been or could be asserted in (a) any action that has been transferred to the U.S. District Court for the Southern District of New York for coordination or consolidation in . . . *Sonterra Capital Master Fund Ltd et al. v. UBS AG et al.* (No. 15-cv-05844) . . . .

(UBS Reconsideration Br., Ex. B, Release at ¶ 10.) Outside of erroneously claiming that the Release "leaves at least six months of transactions between UBS and CalSTRS" unaccounted for, Plaintiffs do not argue that the Release is substantively inapplicable to this case.[2] Considering the Release on reconsideration, and for the sake of judicial efficiency, CalSTRS' claims against UBS are dismissed.

As the Court's Sept. 30, 2021 Order dismissed Hayman Funds' Sherman Act claim against UBS for lack of antitrust standing, all claims in this action are dismissed against UBS.

### V. CALSTRS' Motion for Reconsideration is Denied

In an effort to establish personal jurisdiction over RBS, CalSTRS believes that the Court overlooked facts showing that RBS "transacts business" in this District under the Clayton Act. Specifically, it asserts that the Court's Sept. 30, 2021 Order never cited to the Declaration of Ronald St. Louis (ECF. No. 544) which included five exhibits.

---

[2] UBS's reading of the Release is accurate. The time period "January 1, 2006-December 31, 2010" modifies the phrase "any alleged misconduct with respect to other IBORs. . . ."

7

The Court did not overlook Plaintiffs' evidence. "The Supreme Court has construed the phrase 'transacts business,' as used in the venue provision of Clayton Act Section 12, to refer to 'the practical, everyday business or commercial concept of doing business or carrying on business of any substantial character. This requires some amount of business continuity and certainly more than a few isolated and peripheral contacts with the particular judicial district." *City of Long Beach v. Total Gas & Power N. Am., Inc.*, 465 F. Supp. 3d 416, 433 (S.D.N.Y. 2020), *aff'd*, No. 20-2020-CV, 2021 WL 5754295 (2d Cir. Dec. 3, 2021).

Here, the Court considered the entirely of the declaration and exhibits and determined that Plaintiffs failed to sufficiently allege "specific activities" to satisfy the "transacts business" standard.

## VI. CONCLUSION

All Hayman Funds' claims against Société Générale, including its antitrust claim, are dismissed. CalSTRS' unjust enrichment claim against Société Générale is dismissed. All claims in this action against UBS are dismissed. All claims in this action against RBS are dismissed. The Clerk of Court is ordered to close ECF Nos. 574, 576, and 578.[3]

Dated: August 30, 2022
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

---

[3] CalSTRS' Sherman Act and breach of implied covenant of good faith and fair dealing claims against Société Générale are all that remain in this action.