UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC as assignee and successor-in-interest to Sonterra Capital Master Fund, Ltd., HAYMAN CAPITAL MASTER FUND, L.P., JAPAN MACRO OPPORTUNITIES MASTER FUND, L.P., and CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>    - against –<br><br>UBS AG, UBS SECURITIES JAPAN CO. LTD., SOCIÉTÉ GÉNÉRALE S.A., NATWEST GROUP PLC, NATWEST MARKETS PLC, NATWEST MARKETS SECURITIES JAPAN LTD, NATWEST MARKETS SECURITIES, INC., BARCLAYS BANK PLC, BARCLAYS PLC, COÖPERATIEVE RABOBANK U.A., LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, NEX INTERNATIONAL LIMITED, ICAP EUROPE LIMITED, TP ICAP PLC, BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., MERRILL LYNCH INTERNATIONAL, AND JOHN DOE NOS. 1-50,<br><br>                    Defendants. | Civil Action No. 15 Civ. 5844 (GBD)(SLC) |

**PROTOCOL GOVERNING
FACT DEPOSITIONS**

      Subject to the approval of the Court, and pursuant to Paragraph 6.e.i of the Report of Rule 26(f) Conference and Case Management Plan entered by the Court on November 3, 2022, ECF No. 633, as amended on December 16, 2022 (ECF No. 637) ("CMP"), the undersigned Parties in the above-captioned Action, through their counsel, hereby stipulate and agree to the following Protocol Governing Fact Depositions ("Protocol"):

1

I. **SCOPE OF THE PROTOCOL**

1. This Protocol shall govern all fact depositions (*i.e.*, all depositions other than expert depositions) in the Action, subject to any modifications made pursuant to Paragraph 44 of this Protocol. Any matter not explicitly addressed in this Protocol shall be governed by the applicable Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York ("Local Rules"), and the individual rules of practice of Judge George B. Daniels and Magistrate Judge Sarah L. Cave ("Individual Rules"). Nothing in this Protocol is intended or shall be construed to alter or supersede the Stipulation and Protective Order entered February 23, 2022, ECF No. 599, ("Protective Order") or the CMP.

II. **PARTIES SUBJECT TO THE PROTOCOL**

2. The Parties to this Action are as follows:

    (a) Plaintiff: California State Teachers' Retirement System.

    (b) Defendant: Société Générale.

3. Counsel for any Party noticing a deposition of any non-Party shall provide a copy of this Protocol and the Protective Order to the non-Party when the deposition is noticed.

III. **DEPOSITIONS**

4. *Length of Depositions*. In accordance with Fed. R. Civ. P. 30(d)(1), depositions of fact witnesses shall not exceed 7 hours of on-the-record time and shall occur on a single day, except as otherwise specified in this Protocol. A deposition may proceed for longer than 7 hours of on-the-record time when an agreement for a longer duration is reached (i) between counsel for the Parties, if the deponent is associated with the Parties or represented by counsel for one of the Parties, or (ii) among counsel for the Parties and counsel for the deponent if the deponent is a non-Party and/or is not otherwise represented by counsel for a Party, in light of all

Parties' mutual recognition that some depositions may reasonably require more than one day and their agreement to negotiate such extensions of deposition time in good faith; or (ii) permitted by order of the Court for good cause shown.

5. **_Translation_**. To the extent a witness is unable to testify in English, the time limit for the deposition of that witness shall be extended to 10 hours. To the extent a witness is able to testify in English but receives assistance from a translator while on the record, the time limit for the deposition shall be extended by a reasonable amount to account for the time required for translation, as agreed upon between counsel for the noticing Parties and counsel for the witness. Any witness who is unable to testify in English shall give notice that an interpreter will be required within 14 days of receiving notice of the deposition.

6. **_Deposition Time_**. The Party that noticed the deposition is entitled to examine the witness for up to 7 hours of on-the-record time (10 hours in a deposition in which the witness is unable to testify in English). The foregoing timing shall not limit the non-noticing Party from examining the witness for up to 1 hour of on-the-record time after the noticing Party completes their questioning. A Party is not required to cross-notice depositions of witnesses "associated" with that Party (see Paragraph 8, below). Counsel for the non-noticing Party shall have a reasonable amount of time to examine a witness associated with that Party at the conclusion of direct examination without need for a cross notice, which time shall be in addition to the 7 hours of on-the-record time (10 hours in a deposition in which the witness is unable to testify in English). Counsel for the noticing Party may reserve a portion of their time to conduct further redirect examination. The Parties may agree to different time arrangements prior to the deposition of a witness.

7. **_Deposition Time for Cross-Noticed Depositions._** In the event a Party cross-notices a deposition, the deposition may be continued beyond 7 testimonial hours on the first day, if the witness agrees, or, if the witness prefers, may continue on the next consecutive business day.  The Parties agree to discuss in good faith the amount of time to be allocated to the noticing Party and cross-noticing Party in advance of such a deposition.

8. **_Number of Party Depositions_**.  Each Party may take up to 55 depositions under Fed. R. Civ. P. 30, 31, or 45.  No more than 9 depositions may be taken of witnesses associated with Defendant and no more than 9 depositions may be taken of witnesses associated with Plaintiff.  A witness "associated" with a Party means any current employee of a Party, any former employee who was employed by that Party during all or part of the period of January 1, 2006 through June 30, 2011 (the alleged "Class Period"), or a Fed. R. Civ. P. 30(b)(6) designee.  For Fed. R. Civ. P. 30(b)(6) depositions or Fed. R. Civ. P. 45 subpoenas directed to an organization, each seven-hour period of deposition (whether a single witness or multiple witnesses, and whether on a single noticed topic or a reasonable number of multiple noticed topics) will count as one deposition against the total allotment for Party fact depositions provided in this Paragraph. For the avoidance of doubt, the presumption of one deposition per witness does not apply to Fed. R. Civ. P. 30(b)(6) depositions.  Absent an agreement between the Parties or an order from the Court, a Party witness (including a former employee) shall only be deposed once for purposes of this case (ECF No. 633).

9. **_Rule 30(b)(6) Depositions_**.  For Rule 30(b)(6) depositions, the noticing Party shall serve formal written notice on the non-noticing Party with a list of deposition topics, which shall be limited to no more than 25 topics (inclusive of sub-topics). Three business days prior to any Fed. R. Civ. P. 30(b)(6) deposition, the Party that receives a notice of deposition pursuant to

4

Fed. R. Civ. P. 30(b)(6) shall provide the name(s) and title(s) of the witness or witnesses who will be providing testimony on that Party's behalf, along with the specific topics to which the witness or witnesses will be testifying.

10. **_Number of Depositions per Day_**. The Parties shall use reasonable efforts to avoid having more than one deposition taken on any one day.

11. **_Deposition Notices_**. In advance of providing a formal notice of deposition, a Party that seeks to depose a witness who is a current or former employee of another Party will serve a written notification via email to counsel of record in this Action of a request to depose that employee with a proposed date, time, and location of the deposition, as well as whether the deposition will be videotaped. Within 2 weeks of receiving such notification, counsel for the Party of which the witness is a current or former employee must: (1) confirm whether counsel will represent that current or former employee, and, for former employees, confirm whether counsel is authorized to accept service of a subpoena (or to waive service) on behalf of the former employee; and (2) for current employees, and for former employees as to whom counsel is authorized to accept service, confirm the proposed date, time, and location for the deposition of such witness or offer an alternative date, time, and location that may not be more than 30 calendar days from the date originally noticed absent good cause. Once the noticing Party receives the alternative proposed date, time, and location for a deposition, that Party will have 5 business days to confirm the alternative date or request to meet and confer. The meet and confer shall occur within 3 business days of such request. If, following a meet and confer, the Parties are unable to agree upon an alternative date, time, and location for a deposition for a witness, either Party may seek relief from the Court. If counsel for the Party of which a witness is a former employee does not represent the former employee, to the extent permitted by

5

applicable law, counsel shall provide to the noticing Party the date of departure and last known address of the former employee, or the name of the attorney who represents such former employee, if known.  To the extent counsel for the Party of which a witness is a former employee determines that applicable law prohibits disclosure of the former employee's date of departure or last known address, counsel shall identify the relevant legal prohibition to the noticing Party.  This Paragraph shall not apply to depositions conducted pursuant to Fed. R. Civ. P. 30(b)(6).

12.  **Fifth Amendment Depositions**.  Counsel for any witness who intends to invoke or assert his or her right to refuse to answer questions under the Fifth Amendment of the United States Constitution (or similar provision of law) shall endeavor to provide notice of that intent no later than 10 days before the scheduled deposition.  Any witness who at a deposition invokes or asserts his, her or their right not to testify under the Fifth Amendment of the United States Constitution (or similar provision of law) will be bound by that assertion of the right and shall not be permitted to testify otherwise in this Action.  Should any witness decide to revoke his, her or their invocation or assertion of the Fifth Amendment right (or similar provision of law) and agree to testify in this Action, then such witness shall make himself, herself or theirself available for deposition.

13.  **Daily Schedule**.  The Parties shall make reasonable efforts to ensure that depositions commence no later than 9:00 a.m. and examination concludes by 6:00 p.m. (in the time zone where the deposition occurs) Monday through Friday, unless otherwise agreed by counsel with respect to a specific deposition.  This Paragraph shall not be construed to prejudice the examining Party's right to examine a witness for the hours allotted under this Protocol.

14. **_Holidays_**.  Unless otherwise agreed between the Parties for good cause, no depositions shall be scheduled on the dates of in-person Court hearings, or on national or religious holidays.  For the purposes of this Protocol, such holidays are: Rosh Hashanah (two days), Yom Kippur, Columbus Day, Veterans Day, Thanksgiving (Thursday and Friday), the one-week period beginning three business days before Christmas Day, Martin Luther King Jr.'s birthday, President's Day, Good Friday and Easter Monday, Passover (first two days and preceding day), Memorial Day, Juneteenth, Independence Day, and Labor Day.  The deposition of a witness who resides outside of the United States shall not be scheduled on a national or religious holiday of the country where such witness resides.

15. **_Conduct of Counsel at Depositions_**.  Depositions, including those conducted outside the U.S., shall be conducted pursuant to the Federal Rules of Civil Procedure, Local Rules, and Individual Rules.

(a)     As provided in these rules, objections must be stated concisely in a nonargumentative and nonsuggestive manner.  For example, "Objection, Form" or "Objection, Responsiveness" will be sufficient.  Any objection to the form of a question by counsel shall be deemed to have been made on all grounds for a form objection.  Notwithstanding anything to the contrary in Fed. R. Civ. P. 32(d)(3), no objection other than an objection to the form of the question shall be waived by failure to assert it during the deposition.

(b)     Counsel shall refrain from conducting or defending examinations in an abusive or dilatory manner.  Nothing shall preclude counsel from seeking a protective order from the Court in appropriate circumstances.  In that event, counsel shall cooperate in deferring answers to the contested questions until later in the deposition to permit counsel to contact the Court.

(c) If a privilege is claimed, the witness will nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as, for example, the date of the communication, who made the statement, who, if anyone, was present other than counsel, and others to whom the communication was made known.

16. ***Attendance at Depositions***. All Parties and their counsel may attend any deposition noticed in this Action. Parties must provide reasonable notice of the number and identity of attendees prior to each scheduled deposition.

17. ***Remote-Access Protocol***. Remote access will be provided for depositions whenever possible. At the outset of a deposition, on the record, all counsel both at the site and by remote access shall identify themselves and whom they represent.

18. ***Hague Convention Depositions***. The Parties recognize that some witnesses and information reside abroad and, absent agreement of the Parties or the witnesses, as to such witnesses the noticing Party shall apply to the Court for a Letter of Request For International Judicial Assistance either under The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention") or as Letters Rogatory to non-Hague signatories. The Parties shall meet-and-confer within 90 calendar days after entry of this Protocol concerning the appropriate form of any Hague Convention Letters of Request or Letters Rogatory, as well as a preliminary list of any depositions that the Parties expect to seek of witnesses located abroad. The Parties shall cooperate to bring to the Court's attention, at the earliest practicable time, any requests (or disputes concerning requests) for depositions of witnesses residing abroad, so that any such requests or disputes can be acted upon promptly, and any such depositions may be completed in a timely manner. Nothing herein shall be construed to abridge,

limit, or modify any rights a witness located abroad may enjoy under local law, including any testimonial privileges recognized in the foreign jurisdiction.

19.    **_Foreign Law_**.  Any Party that intends to raise an issue concerning a foreign country's law with respect to a deposition shall provide written notice within 2 weeks of receiving the email notification of a request for the deposition provided in Paragraph 11 or, in the case of a deposition to be conducted pursuant to Fed. R. Civ. P. 30(b)(6), within 2 weeks of being served with the formal notice of the deposition.  To the extent that the laws of the foreign location prohibit the application of the Federal Rules of Civil Procedure, Local Rules, and Individual Rules or substantially interfere with the ability to take a deposition in that location, the Parties shall meet and confer to determine whether the deposition can be held in an alternate location which allows for their application. Nothing in this Paragraph prohibits a Party from raising and addressing issues relating to foreign law should the need arise at any time in advance of or during a deposition.

20.    **_Court Reporters_**.  The Party that noticed the deposition will be responsible for arranging for the deposition space, court reporter, and (if necessary) videographer.  In the event that more than one Party notices a deposition, the Party that first notices the deposition will be so responsible.  The court-reporting service(s) shall have remote access, teleconferencing, video-taping, and LiveNote capabilities for all depositions whenever possible.  The court-reporting service(s) shall record all conference calls with the Court that occur during any deposition as part of that day's deposition transcript.  Each Party is responsible for ordering and paying for its own copies of the transcripts and/or video, unless the Parties agree to share costs.

21.    **_Interpretation_**.  Where a deponent requires or requests the use of an interpreter during a deposition, counsel for the deponent may have an interpreter present at the deposition

in addition to the interpreter retained by the Party or Parties that noticed the deposition. Each Party shall bear its own costs in connection with retaining an interpreter.

22. ***Running Time***. The court-reporting service shall maintain a total running time for on-the-record deposition testimony to record how much examination time is taken in each deposition.

23. ***Completion and Reopening of Depositions***. Except by consent of the relevant Parties and the deponent or, where there is no agreement or consent, upon order of the Court, the deposition of any person in his/her individual capacity shall be taken only once for purposes of this case.

24. ***Standard Stipulation.*** The following stipulation will apply to all depositions taken in this Action and shall be included in each transcript by the court reporter:

> Upon completion of the transcription of today's session, the original transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. The witness shall have 30 days from the day of receipt, with a 30-day extension to be granted liberally, within which to review, make any correction, sign the deposition transcript under penalty of perjury, and return it to counsel. The witness's counsel shall then promptly forward the original transcript plus corrections to the court reporter, with a copy to all parties. The time for review may be extended with the consent of the examining party.
>
> If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter. After review, correction, and signature within 30 days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any corrections to testimony by the witness.
>
> If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes. The court reporter is otherwise relieved of any statutory duties relating to a witness's review of his or her transcript.

25. ***Confidentiality Provisions.*** Confidentiality of deposition testimony and exhibits is governed by the Protective Order.

26. ***Notification of Objections by Third Parties.*** In the event that a non-Party seeks relief pursuant to Fed. R. Civ. P. 45 with respect to a subpoena *ad testificandum* served in connection with this case in any jurisdiction other than the United States District Court for the Southern District of New York, the Party that served the subpoena on the non-Party will promptly notify the Court in this Action and the other Parties of such application.

## IV.    REMOTE DEPOSITIONS

27. ***Notice of Remote Deposition.*** Any Party may notice a deposition to be taken remotely pursuant to the terms of this Protocol and consistent with Fed. R. Civ. P. 30(b)(4) by so indicating in the notice of deposition. The Parties agree that this Protocol applies to remote depositions of Parties, witnesses "associated" with Parties, and non-Parties under Fed. R. Civ. P. 45 and shall work in good faith to schedule remote depositions of non-Parties. For a deposition of a Party or a witness "associated" with a Party, counsel for the Party reserves the right to be physically present in the same room as the witness, including for a deposition occurring remotely. In the event that counsel for the Party is physically present in a remote deposition, counsel for the Party shall be on the remote deposition platform video screen at all times while the deposition is being conducted.

28. ***Remote Administration of Oath***. The Parties agree and the Court finds that a court reporter may administer the oath to a deponent remotely, even if the court reporter is not in the physical presence of the witness. The court reporter administering the oath to the witness may ask the witness to present government-issued identification satisfactory to the court reporter, and this identification must be legible on the video record. Further, if a court reporter is not authorized to administer oaths in the place of examination (which shall be considered to be the place where the deponent is located) pursuant to Fed. R. Civ. P. 28, the Parties agree and the

11

Court finds that extenuating circumstances warrant proceeding with the administration of such oaths remotely and that the transcripts and video recordings may be used by or against all Parties in this Action to the same extent that would otherwise be permissible under applicable court orders, rules of court, rules of procedure, and rules of evidence.

29. **_Video Conferencing._** Where the witness, counsel for the Party that noticed the deposition, and the counsel defending the deposition are appearing for the deposition remotely, then the remote deposition platform shall be utilized for court reporting, video conference, and remote deposition services. The Parties agree that an employee of the court reporting agency and a videographer may attend via remote means each remote deposition to video record the deposition, troubleshoot any technological issues that may arise, and administer the virtual breakout rooms. The remote deposition platform must have sufficient security features in place to prevent the public disclosure of protected information designated under the Protective Order in this Action.[1]

30. Details regarding the video conferencing to be used for each Deposition will be made available to all Parties and counsel for non-Parties, where possible, no later than 24 hours before the Deposition. Counsel shall each be responsible for acquiring, maintaining and utilizing computer, audio and video equipment that meets the minimum requirements recommended by the court reporting agency. Defending counsel shall consult with the deponent prior to the deposition to ensure the deponent has the required technology.[2] If not, defending counsel shall

---

[1] For purposes of this Protocol, use of Zoom technology with a passcode-protected meeting room shall constitute sufficient security features.

[2] The technology required to participate in a remote Deposition would include a computer with an internet connection with bandwidth sufficient to sustain the remote Deposition; a webcam; a microphone, headset or similar device; and a telephone. Additional technology that a witness may require includes a portable WiFi hotspot and an additional monitor to ease viewing exhibits.

endeavor to supply it prior to the deposition.

31. The Parties agree to work in good faith with the videographer to assess each deponent's technological capabilities and to troubleshoot any issues at least 48 hours in advance of the deposition so any adjustments can be made. If necessary, deposing counsel and defending counsel shall arrange for the witness to participate in a "test run" of the remote deposition platform, at least 48 hours before the scheduled date of the deposition.  The Parties will discuss any further details related to the remote deposition platform in advance of the deposition, and if there are any disagreements, will raise those with the Court.

32. The witness, defending counsel, and deposing counsel shall keep their cameras turned on while the remote deposition is being conducted. Other participants shall keep their cameras off at all times, except as otherwise directed by the court reporter. The remote deposition platform should display the witness, defending counsel, and deposing counsel on the video screen at all times, unless one or more counsel must be taken off screen to display an exhibit; however, the witness should always be on screen.

33. There should be no unrecorded or unnoted conversations (including through text message, electronic mail, or the chat feature in the video conferencing system) between the witness and any counsel involved in this case (including defending counsel) during a remote deposition while the witness is on the record, and deposing counsel may ask the witness and defending counsel to certify, on the record, that no such conversations have taken place. Furthermore, witnesses in depositions taken pursuant to this Protocol shall not use or consult any means of communications while on the record during the deposition (other than audio and video communications used to conduct the deposition itself), including without limitation electronic communications (email, text, social media) and other communications (phone).

Nothing in this Protocol prevents a witness from seeking counsel's advice regarding the application of a privilege or immunity from testifying during the course of a deposition taken pursuant to this Protocol. Nothing in this section prohibits consultations by defending counsel with witnesses during deposition breaks.

34. During breaks in the deposition, the Parties may use the breakout room feature provided by the remote deposition platform, which simulates a live breakout room through video conference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by the remote deposition platform before the deposition and/or during deposition breaks and controlled by the remote deposition platform.

35. ***Deposition Recording.*** Remote depositions shall be recorded by stenographic means by the court reporter consistent with the requirements of Fed. R. Civ. P. 30(b)(3), and the court reporter's transcript shall constitute the official record. In addition to recording the deposition by stenographic means, each witness shall be video-recorded as shown through the remote deposition platform. The videographer shall record the remote deposition at the direction of the court reporter, and shall not record the remote deposition during times when the court reporter suspends it. To the extent feasible, the video recording shall be limited to the witness, but audio of all participants shall be recorded. For the purposes of Fed. R. Civ. P. 30(c)(1), the videographer shall be considered to be acting in the presence and under the direction of the court reporter, so long as the videographer is able to hear and take direction from the court reporter, even though the videographer may be in a different physical location than the court reporter.

36. The Parties further stipulate and the Court finds, pursuant to Fed. R. Civ. P. 29(a), that the recorded video provided in a digital file by the remote deposition platform may, if

otherwise admissible, be used in proceedings in this case, including at a hearing or trial, as if it were a recording of an in-person deposition prepared by a certified videographer, and that each side will waive any objections based on the fact that the deposition was taken remotely. The Parties will cooperate on technical issues regarding the digital file (*e.g.*, assuring audio and video quality, displaying exhibits, removing segments that were off the record, and affixing time stamps).

37.     ***Audio or Video Issues.***  Should technical issues, such as audio or video issues, prevent the court reporter, witness, deposing counsel, or defending counsel from reliably seeing one another, hearing one another, or, in the case of the court reporter, transcribing the testimony, at any point during a deposition taken pursuant to this Protocol, the deposition shall be recessed until the technical issue is resolved. Should technical issues prevent the court reporter from reliably hearing or transcribing the testimony at any deposition taken pursuant to this Protocol and such technical issue cannot be remedied in a timely manner, deposing counsel, defending counsel, and attending counsel shall meet, confer, and cooperate with one another to address the problem, including but not limited to rescheduling the deposition. Any time spent addressing technical issues will count as "off the record" time and shall not count against any time limit, provided that and starting when deposing counsel or defending counsel specifies it is "off the record." If a technical issue prevents deposing counsel or defending counsel from speaking to other participants, the deposition shall be deemed "off the record" from that time. The Parties will act in good faith to account for any time lost to technical issues to permit deposing counsel to use the full time it is permitted for the deposition.

38.     ***Making Objections.***  If a technical issue prevents defending counsel from hearing a question and/or interposing a timely objection on the record, then defending counsel shall

15

notify the deposition attendees as soon as possible (*e.g.*, by using the chat features of the video conference or emailing counsel). Defending counsel's objection to that question is preserved if (i) the objection is asserted promptly on the record after the technical issue is resolved, or (ii) if the technical issue cannot be resolved and the deposition is continued, the objection is asserted in writing to deposing counsel, attending counsel and the court reporter within three (3) business days of receiving the rough transcript that includes the question at issue.  This Paragraph supplements, but does not supersede, Paragraph 15(a).

39. ***Operator.***  The court reporting agency shall designate an operator to assist the participants with any technical issues that may arise with respect to the remote deposition, including to ensure that exhibits are properly displayed during the deposition. For purposes of clarity, Confidential or Highly Confidential information may be disclosed to such operator during the course of a deposition without violating the Court's Protective Order, and such operator shall be bound by the Protective Order.

40. ***Electronic Exhibits.***  Exhibits shall be introduced electronically during a remote deposition. Upon request by the deponent, defending counsel, or counsel for the non-examining Party, deposing counsel shall provide one courtesy hard copy of each exhibit to be used in the deposition for the witness, along with a separate courtesy hard copy of those exhibits for defending counsel and counsel for the non-examining Party. The hard copy exhibits shall be sent in sufficient time to arrive at least 24 hours prior to the deposition. Defending counsel shall provide the address and other relevant delivery details for the location where the witness will testify at least five (5) business days prior to the deposition to facilitate delivery in accordance with this Paragraph. A voluminous exhibit upon which only a portion of the document will be the subject of questioning (beyond authentication and evidentiary questions) need not be mailed

in hard copy and may be presented electronically, but if feasible, deposing counsel will provide excerpts of the key portions of the document as part of the hard copy courtesy sets. For the avoidance of doubt, deposing counsel is under no obligation to provide in advance a courtesy hard copy of any electronic Excel files or other electronic spreadsheets, tables or databases that the deposing Party intends to use as an exhibit during the deposition. Every recipient of a mailed package shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition. The Parties recognize that there may be last minute deposition exhibits, which are not able to be provided to the witness, defending counsel or counsel for the non-examining Party in advance. Nothing in this Paragraph is intended to prevent, nor in fact prevents, deposing counsel from introducing during the deposition additional exhibits not previously mailed in hard copy. Throughout the deposition, witnesses and counsel participating in person or by video shall have the ability to review all electronic exhibits after they have been marked and entered into the record. The complete exhibit entered into the record shall be available to the witness, defending counsel, and attending counsel to review regardless of whether deposing counsel displays only certain pages of the document on any platform display. The witness shall have the independent ability to manipulate the exhibit (scrolling, etc.) to facilitate their review. In other words, neither a witness nor any counsel participating in person or by video shall be limited during the course of the examination to only those portions of an electronic exhibit that deposing counsel focuses on and/or displays via an electronic platform display. The fact that a witness was provided with an electronic copy of an exhibit will be an insufficient basis, by itself, to object to the admissibility of that exhibit at trial.

41. **Other Remote Deposition Logistics.** The time shown on the transcript and video shall be the local time in the place where the deponent is located.

42. The court reporter may be given a copy of the video recording (of any videotaped deposition) and may review the video recording to improve the accuracy of any written transcript.

43. The Party that noticed the deposition shall provide the court reporting service with a copy of this Protocol at least 72 hours in advance of the deposition.

V.  **MODIFICATIONS TO THE PROTOCOL**

44. This Protocol shall continue in effect until modified by agreement of the Parties and/or order of the Court.

/s/ Raymond P. Girnys
Vincent Briganti
Raymond P. Girnys
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, New York 10601
Telephone: 914-997-0500
vbriganti@lowey.com
rgirnys@lowey.com

*Counsel for Plaintiff CalSTRS*

Joseph J. Tabacco, Jr.
Todd A. Seaver
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6282
jtabacco@bermantabacco.com
tseaver@bermantabacco.com

Patrick T. Egan
**BERMAN TABACCO**
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
pegan@bermantabacco.com

*Additional Counsel for Plaintiff*

/s/ Andrew J. Calica
Steven Wolowitz
Henninger S. Bullock
Andrew J. Calica
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
swolowitz@mayerbrown.com
hbullock@mayerbrown.com
acalica@mayerbrown.com

*Counsel for Defendant Société Générale*

SO ORDERED.

DATED: New York, New York  
January 17, 2023

_____  
THE HONORABLE SARAH L. CAVE  
UNITED STATES MAGISTRATE JUDGE