**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC as assignee and successor-in-interest to Sonterra Capital Master Fund, Ltd., et al.,<br><br>                                                    Plaintiffs,<br><br>                    v.<br><br>UBS AG, et al.,<br><br>                                                    Defendants. | 15-cv-5844 (GBD) (SLC) |

**ORDER GRANTING SOCIÉTÉ GÉNÉRALE'S UNCONTESTED MOTION FOR ISSUANCE OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE, APPOINTMENT OF COMMISSIONER AND DATA PRIVACY MONITOR AND DIRECTION OF**
**SUBMISSION OF HAGUE CONVENTION APPLICATION**

        The Court, having reviewed the Notice of Motion and the Declaration of Andrew J. Calica, dated January 19, 2023, together with the exhibits annexed thereto in support of Defendant Société Générale's ("SG's") Uncontested Motion for Issuance of Request for International Judicial Assistance, Appointment of Commissioner and Data Privacy Monitor, and Direction of Submission of Hague Convention Application (the "Motion"), and finding it proper to issue a Request for International Judicial Assistance to authorize a Commissioner in France (the "Request for Assistance") pursuant to 28 U.S.C. § 1781 and Chapter II of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, T.I.A.S. No 7444, 28 U.S.T. 2555 (the "Hague Convention"),

HEREBY ORDERS THAT:

        (1)        The Motion is GRANTED.

(2)     The form of Request for Assistance annexed to the Calica Declaration as Exhibit B is hereby issued as the Court's Request for Assistance and is fully incorporated herein.

(3)     Pursuant to Article 17 of the Hague Convention, Mr. Alexander Blumrosen, whose address is Polaris Law, 4 avenue Hoche 75008 PARIS 75, France (the "Commissioner"), is hereby duly appointed, pending the approval of the French Ministère de la Justice and subject to the terms of the Request for Assistance, as Commissioner to:

(a)     receive from SG its French-originated data and documents that are responsive to Plaintiffs' First Set of Requests for Production of Documents to Defendants, subject to SG's February 28, 2022 Responses and Objections to Plaintiff's First Request for the Production of Documents, which shall initially consist of those Yen LIBOR documents and data that SG previously produced to U.S. governmental authorities pursuant to their requests for production (the "Documents");

(b)     simultaneously transmit the Documents to counsel for Plaintiff and SG pursuant to Article 17 of the Hague Convention and in performance of his appointment as commissioner and duties thereunder; and

(c)     upon completion, inform the French Ministère de la Justice.

(4)     This signed Order and the signed Request for Assistance will be given to Mayer Brown LLP, counsel for SG, which will file or will request the Commissioner to file both documents, along with French translations of both documents, with the Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Bureau de l'entraide civile et commerciale internationale (D3), 13, Place Vendôme, 75042 Paris Cedex 01, France.

(5)     This signed Order and the signed Request for Assistance will be filed with the Ministère de la Justice within seven (7) business days of their receipt. SG will use its best efforts to promptly obtain the Ministère de la Justice's approval of

the Court's Request for Assistance and appointment of the Commissioner and Data Privacy Monitor.

(6)    SG's initial transmission of Documents to the Commissioner will occur by approximately 21 days after the the Ministère de la Justice's approval of the Court's Request for Assistance and appointment of the Commissioner and Data Privacy Monitor. SG will transmit the remaining Documents to the Commissioner for rolling productions.

(7)    By agreement of the parties, subject to Plaintiff's reservation of rights, SG will anonymize or pseudonymize confidential client information and transmit a corresponding log to the Commissioner to be forwarded to Plaintiff's counsel.

(8)    The Stipulation and Order Establishing a Protocol for the Production of Documents and Electronically Stored Information (ECF No. 598) and the Confidentiality Stipulation and Protective Order (ECF No. 599), entered on February 23, 2022, in this action shall apply to SG's production of Documents.

(9)    Any unresolved disputes between SG and Plaintiff regarding the production of the Documents received by the Commissioner shall be determined exclusively by this Court. Further, any unresolved disputes between SG and Plaintiff concerning any Documents withheld from the Commissioner on the basis of an assertion of privilege shall be determined exclusively by this Court. The Commissioner will adhere to any such order issued by this Court relating to document discovery in the above-captioned actions.

(10)    Plaintiff will not seek relief from this Court so long as the filing of this signed Order and the signed Request for Assistance with the Ministère de la Justice and

transmission of the Documents to the Commissioner for production occur within the timeframes set forth in paragraphs (5) – (6) above. Plaintiff may seek relief from this Court, after first meeting-and-conferring in good faith with SG if: (a) at any time, Plaintiff fails to receive reasonable assurances from SG of its efforts promptly to seek approval of the Court's Request for Assistance, appointment of the Commissioner or transmission of the Documents to the Commissioner for production; or (b) after approximately March 1, 2023 (unless otherwise extended by the consent of the parties), SG has not begun its transmission of the Documents to the Commissioner for production, regardless of the cause for delay. SG will not object to a request by Plaintiff for relief from this Court on the basis that this Motion was uncontested.

(11)   All costs of this Hague Convention process, including, without limitation, the fees of the Commissioner, translation fees for these motion papers, and any transmittal costs for the Documents, will be borne by SG. Each party will be responsible for the fees and expenses, if any, of its own attorneys relating to any proceedings arising from this Hague Convention process; however, if counsel is required to travel to France to attend any proceedings arising from this Hague Convention process, SG will bear the reasonable travel-related expenses for one attorney for Plaintiff.

(12)   Neither this Order, the transmission of Documents by SG to the Commissioner pursuant to the Hague Convention, any examination of Documents by the Commissioner, nor the terms of the Request for Assistance (which are incorporated into this Order) shall constitute or operate as a waiver of any

argument, position, objection, allegation or claim or defense of Plaintiff or SG in the above-captioned action, including any defense to personal jurisdiction that SG has raised or may otherwise have, or of the attorney-client privilege, the work product doctrine, or any other privileges, rights, protections or prohibitions that may apply to that evidence under the law of France, the United States, or the State of New York. All materials withheld, in whole or in part, on the basis of attorney-client privilege shall be so identified on an appropriate log in accordance with Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

(13)   Mr. Blumrosen is also hereby appointed Data Privacy Monitor, to oversee and to certify, as may be required, SG's compliance with applicable French and EU data protection laws.

The Clerk of Court is respectfully directed to close ECF No. 644.

Dated: New York, New York
          January 20, 2023

SO ORDERED.

SARAH L. CAVE
UNITED STATES MAGISTRATE JUDGE