# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY LAYDON, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>    - against -<br><br>THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., THE SUMITOMO TRUST AND BANKING CO., LTD., THE NORINCHUKIN BANK, MITSUBISHI UFJ TRUST AND BANKING CORPORATION, SUMITOMO MITSUI BANKING CORPORATION, J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, MIZUHO CORPORATE BANK, LTD., DEUTSCHE BANK AG, THE SHOKO CHUKIN BANK, LTD., SHINKIN CENTRAL BANK, UBS AG, UBS SECURITIES JAPAN CO. LTD., THE BANK OF YOKOHAMA, LTD., SOCIETE GENERALE SA, THE ROYAL BANK OF SCOTLAND GROUP PLC, THE ROYAL BANK OF SCOTLAND PLC, RBS SECURITIES JAPAN LIMITED, BARCLAYS BANK PLC, CITIBANK, NA, CITIGROUP, INC., CITIBANK, JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN, INC., COOPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., HSBC HOLDINGS PLC, HSBC BANK PLC, LLOYDS BANKING GROUP PLC, ICAP EUROPE LIMITED, R.P. MARTIN HOLDINGS LIMITED, MARTIN BROKERS (UK) LTD., TULLETT PREBON PLC, AND JOHN DOE NOS. 1-50,<br><br>       Defendants. | Docket No. 12-cv-3419 (GBD) |

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC as assignee and successor-in-interest to Sonterra Capital Master Fund, Ltd., HAYMAN CAPITAL MASTER FUND, L.P., JAPAN MACRO OPPORTUNITIES MASTER FUND, L.P., and CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>                            Plaintiffs,<br><br>                          - against -<br><br>UBS AG, UBS SECURITIES JAPAN CO. LTD., SOCIÉTÉ GÉNÉRALE S.A., NATWEST GROUP PLC, NATWEST MARKETS PLC, NATWEST MARKETS SECURITIES JAPAN LTD, NATWEST MARKETS SECURITIES, INC., BARCLAYS BANK PLC, BARCLAYS PLC, COÖPERATIEVE RABOBANK U.A., LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, NEX INTERNATIONAL LIMITED, ICAP EUROPE LIMITED, TP ICAP PLC, BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., MERRILL LYNCH INTERNATIONAL, AND JOHN DOE NOS. 1-50,<br><br>                            Defendants. | Docket No. 15-cv-5844 (GBD) |

**[PROPOSED]**
**ORDER APPROVING DISTRIBUTION OF THE NET SETTLEMENT FUNDS FROM SETTLEMENTS WITH CITIBANK, N.A., CITIGROUP INC., CITIBANK JAPAN LTD., CITIGROUP GLOBAL MARKETS JAPAN INC., HSBC HOLDINGS PLC, HSBC BANK PLC, DEUTSCHE BANK AG, DB GROUP SERVICES (UK) LTD., JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES PLC, THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., MITSUBISHI UFJ TRUST AND BANKING CORPORATION, THE BANK OF YOKOHAMA, LTD., SHINKIN CENTRAL BANK, THE SHOKO CHUKIN BANK, LTD., SUMITOMO MITSUI TRUST BANK, LIMITED, RESONA BANK, LTD., MIZUHO BANK, LTD., MIZUHO CORPORATE BANK, LTD., MIZUHO TRUST & BANKING CO., LTD., THE <u>NORINCHUKIN BANK, AND SUMITOMO MITSUI BANKING CORPORATION</u>**

Plaintiffs Jeffrey Laydon, the California State Teachers' Retirement System, Fund Liquidation Holdings, LLC, individually and as assignee and successor-in-interest to Sonterra Capital Master Fund, Ltd., Hayman Capital Master Fund, L.P., and Japan Macro Opportunities Master Fund, L.P. (collectively, "Plaintiffs"), by and through their Counsel, Lowey Dannenberg, P.C. ("Class Counsel"), having applied for an order approving the distribution of the Net Settlement Funds of the Settlements previously approved in the above-captioned actions (the "Actions"); the Court having read and considered all materials and arguments submitted in support of Plaintiffs' motion, including the Declaration of Steven Straub in Support of Plaintiffs' Motion for Entry of an Order Approving Distribution of the Net Settlement Funds to Authorized Claimants (the "Straub Declaration"), Joint Declaration of Vladimir Atanasov, Ph.D. and John J. Merrick, Jr., Ph.D. in Support of Plaintiffs' Motion for Entry of an Order Approving Distribution of the Net Settlement Funds to Authorized Claimants, and the Memorandum in Support of Plaintiffs' Motion for Entry of an Order Approving Distribution of the Net Settlement Funds to Authorized Claimants;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order adopts and incorporates the definitions in the Stipulations and Agreements of Settlement ("Settlement Agreements") filed in these Actions (*see Laydon v. The Bank of Tokyo-Mitsubishi UFJ, Ltd., et al.*, No. 12-cv-3419 (GBD) (S.D.N.Y.), ECF Nos. 567-1, 567-2, 656-1, 775-1, 775-2, 851-1, 959-1, 965-1) in connection with the Settlements with Citibank, N.A., Citigroup Inc., Citibank Japan Ltd., Citigroup Global Markets Japan Inc., HSBC Holdings plc, HSBC Bank plc, Deutsche Bank AG, DB Group Services (UK) Ltd., JPMorgan Chase & Co., JPMorgan Chase Bank, National Association, J.P. Morgan Securities plc, The Bank of Tokyo-Mitsubishi UFJ, Ltd., Mitsubishi UFJ Trust and Banking Corporation, The Bank of Yokohama,

Ltd., Shinkin Central Bank, The Shoko Chukin Bank, Ltd., Sumitomo Mitsui Trust Bank, Limited, Resona Bank, Ltd., Mizuho Bank, Ltd., Mizuho Corporate Bank, Ltd., Mizuho Trust & Banking Co., Ltd., The Norinchukin Bank, and Sumitomo Mitsui Banking Corporation (collectively, "Settling Defendants"), and all capitalized terms, unless otherwise defined herein, have the same meanings as set forth in the Settlement Agreements or the Straub Declaration.

2. The Court has subject matter jurisdiction over these Actions and over all parties to the Actions, including all Claimants.

3. Plaintiffs' Motion for Entry of an Order Approving Distribution of the Net Settlement Funds to Authorized Claimants is **GRANTED**. Accordingly:

   a. The administrative recommendations of the Court-approved Settlement Administrator, A.B. Data, Ltd. ("A.B. Data") to accept the Timely Eligible Claims set forth in Exhibit A to the Straub Declaration, Timely Eligible Claims With No Net Artificiality Paid set forth in Exhibit B to the Straub Declaration, Late But Otherwise Eligible Claims set forth in Exhibit C to the Straub Declaration, and the Late Claims With No Net Artificiality Paid set forth in Exhibit D to the Straub Declaration are approved.

   b. A.B. Data's administrative recommendations to reject the Rejected Claims set forth in Exhibit E to the Straub Declaration are approved;

   c. A.B. Data will calculate award amounts for all Authorized Claimants (Exhibits A and C to the Straub Declaration) as if the Net Settlement Funds, after deducting all payments of fees and expenses incurred in connection with administering the Net Settlement Funds and previously approved by the Court, any estimated future payments for such fees and expenses, as well as any further payments for escrow fees, taxes, and costs of preparing appropriate tax returns, were to be distributed now, by calculating each Authorized Claimant's *pro rata* share

of the Net Settlement Funds in accordance with the Court-approved Plan of Allocation (an Authorized Claimant's "Distribution Amount").

    d. A.B. Data will then conduct an "Initial Distribution" of the Net Settlement Funds as follows:

        i. Authorized Claimants whose Distribution Amounts are greater than $0 and less than $100 will be paid $100 (the "Minimum Distribution") in full.

        ii. Authorized Claimants whose *pro rata* Distribution Amounts calculates to less than $20,000 will be paid in full.

        iii. After deducting the payments to Authorized Claimants receiving the Minimum Distributions, and Authorized Claimants receiving less than $20,000, 90% of the remaining balances of the Net Settlement Funds will be distributed *pro rata* to Authorized Claimants whose Distribution Amounts calculate to $20,000 or more.

        iv. The remaining 10% of the payments will be held in reserve (the "Reserve") to address any contingencies that may arise after the distribution with respect to claims and/or to pay for any future fees or expenses incurred in connection with administering then Net Settlement Funds that are authorized by the Court, as well as any further escrow fees, taxes, and the cost of preparing appropriate tax returns. To the extent the Reserve is not depleted, the remainder will be distributed in subsequent distribution(s) of these Settlements.

    e. To encourage Authorized Claimants to promptly deposit distribution checks, and to avoid or reduce future expenses relating to unpaid distribution checks, all distribution checks will bear the notation, **"CASH PROMPTLY. VOID AND SUBJECT TO**

**REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]."**

A.B. Data is authorized to take appropriate action to locate and/or contact any Authorized Claimant who or which has not negotiated his, her, or its payment within said time, as detailed in paragraph 48 of the Straub Declaration.

 f. Authorized Claimants who or which do not negotiate their Initial Distribution payments (or subsequent distribution payments should such distributions occur) within the time allotted will irrevocably forfeit all recovery from the Net Settlement Funds. The funds allocated to all such un-negotiated payments will be available for redistribution to other Authorized Claimants, if Class Counsel, in consultation with A.B. Data, determines that it is cost-effective to conduct a subsequent distribution.

 g. After A.B. Data has made reasonable and diligent efforts to have Authorized Claimants negotiate their payments, A.B. Data shall, if Class Counsel, in consultation with A.B. Data, determines that it is cost-effective to do so, conduct a second distribution (the "Second Distribution"), pursuant to which any amount remaining in the Net Settlement Funds after the Initial Distribution (including the Reserve and any funds from void, stale-dated, or returned checks or failed wire transfers), after deducting A.B. Data's fees and expenses incurred in connection with administering the Settlements for which it has not yet been paid (including estimated costs of such Second Distribution, subject to Court approval), escrow fees, taxes, and the costs of preparing appropriate tax returns. The Second Distribution, if it occurs, would be distributed to all Authorized Claimants from the Initial Distribution that: (a) have a Distribution Amount of $20,000 or more; (b) negotiated their first distribution payments; and (c) who are entitled to at least $100 from such redistribution based on their *pro rata* share of the remaining funds.

h. Additional distributions, after deduction of costs and expenses, as described above and subject to the same conditions, may occur thereafter until Class Counsel, in consultation with A.B. Data, determines that further redistribution is not cost-effective.

i. At such time as Class Counsel, in consultation with A.B. Data, determine that further distribution of the funds remaining is not cost-effective, Class Counsel shall move the Court for an Order allowing the remainder, after the payment of any fees or expenses incurred in connection with administering the Net Settlement Funds that are authorized by the Court, escrow fees, taxes, and the costs of preparing appropriate tax returns, to be contributed to not-for-profit 501(c)(3) organization(s) to be recommended by Class Counsel, in consultation with Plaintiffs, and approved by the Court

4. Unless otherwise ordered by the Court, no Claim Forms received after October 1, 2022 may be accepted for payment from the Settlements, and no further adjustments to Claim Forms received on or before October 1, 2022 may be made for any reason.  All Persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claim Forms submitted herein, or otherwise involved in the administration or taxation of the Settlement Funds or the Net Settlement Funds, are hereby released and discharged from any and all claims arising from such involvement, and all Class Members, regardless whether they receive payment from the Net Settlement Funds, are hereby banned from making any further claims against the Net Settlement Funds, Plaintiffs, Class Counsel, Plaintiffs' Counsel, the Settlement Administrator, the Escrow Agent, or any other agent retained by Plaintiffs or Class Counsel in connection with the administration or taxation of the Settlement Funds or the Net Settlement Funds, or any other person released pursuant to the Settlement Agreements, beyond the amounts allocated to Authorized Claimants.

5. Unless otherwise ordered by the Court, the Settlement Administrator shall destroy the paper and electronic copies of Claim Forms and all supporting documents one year after (a) all funds have been distributed in connection with Settlements with Settling Defendants and any subsequent settlements that may be reached in these Actions; and (b) the Actions have finally terminated.

6. The Settlement Administrator may be paid up to an additional $105,506.66 from the Settlement Funds for estimated fees and expenses expected to be incurred in connection with the distribution of the Net Settlement Funds. Any costs or expenses in excess of $105,506.66 may be paid from the Settlement Fund upon approval of the Court.

7. The Objection of HAP Financial (SGX Trader) Pte Ltd. ("Objecting Claimant") is **DENIED**. The Court finds that Settlement Administrator implemented the Settlements in a manner that is fully consistent with the Plan of Allocation. Further, the Objecting Claimant has not demonstrated that the Settlement Administrator's artificiality calculation pursuant to the Plan of Allocation is inaccurate.

8. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlements with Settling Defendants, and such other further relief as this Court deems appropriate.

**IT IS SO ORDERED.**

Signed this _____ day of _____, 2023, at the Courthouse for the United States District Court for the Southern District of New York.

_____
The Honorable George B. Daniels
United States District Judge