IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC as assignee and successor-in-interest to Sonterra Capital Master Fund, Ltd., HAYMAN CAPITAL MASTER FUND, L.P., JAPAN MACRO OPPORTUNITIES MASTER FUND, L.P., and CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>UBS AG, UBS SECURITIES JAPAN CO. LTD., SOCIÉTÉ GÉNÉRALE S.A., NATWEST GROUP PLC, NATWEST MARKETS PLC, NATWEST MARKETS SECURITIES JAPAN LTD, NATWEST MARKETS SECURITIES, INC., BARCLAYS BANK PLC, BARCLAYS PLC, COÖPERATIEVE RABOBANK U.A., LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, NEX INTERNATIONAL LIMITED, ICAP EUROPE LIMITED, TP ICAP PLC, BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., MERRILL LYNCH INTERNATIONAL, AND JOHN DOE NOS. 1-50,<br><br>Defendants. | Docket No. 15-cv-5844 (GBD) |

**[PROPOSED]**
**ORDER GRANTING CLASS COUNSEL'S MOTION FOR AN**
**AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

This matter came for a duly-noticed hearing on June 18, 2024 (the "Fairness Hearing"), upon Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses ("Fee and Expense Application") in the above-captioned action (the "Action"). The Court has considered the Fee and Expense Application and all supporting and other related materials, including the matters presented at the Fairness Hearing. Due and adequate notice of the settlement

agreement between Representative Plaintiffs'[1] and Defendant Société Générale ("SocGen") having been given to the Settlement Class Members, the Fairness Hearing having been held, and the Court having considered all papers filed and proceedings held herein, having found the settlement of the Action to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court has personal jurisdiction over Plaintiffs and SocGen (together, the "Parties") and all Settlement Class Members who have not timely and validly requested exclusion, and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto.

2. Notice of the Fee and Expense Application was provided to potential Settlement Class Members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements.

3. The Court hereby awards Class Counsel attorneys' fees of $ _7 million_ _20_% of the total Settlement Fund) together with interest for the same time period and at the same rate as earned by the Settlement Fund until paid, which shall be paid out of the Settlement Fund. Class Counsel may also withdraw up to $500,000 from the Settlement Funds to defray current and future litigation expenses for prosecuting the claims asserted against the non-settling Defendants in the Action.

4. In accordance with the Court's August 29, 2012 Order, ECF No. 99 ¶ 1(j), Class

---

[1] Representative Plaintiffs means the California State Teachers' Retirement System ("CalSTRS"), Fund Liquidation Holdings, LLC ("FLH"), individually and as assignee and successor-in-interest to Sonterra Capital Master Fund, Ltd., Hayman Capital Master Fund, L.P., and Japan Macro Opportunities Fund, L.P. Unless otherwise indicated, ECF citations herein are to the docket in *Fund Liquidation Holdings LLC, et al. v. UBS AG, et al. (Sonterra Capital Master Fund, Ltd., et al. v. UBS AG, et al.)*, No 15-cv-5844 (GBD) (S.D.N.Y.) (the "Action"), and internal citations and quotation marks are omitted. Unless otherwise defined, capitalized terms herein have the same meaning as in the SocGen Settlement Agreement (the "Settlement Agreement"). *See* ECF No. 738-1.

Counsel is hereby authorized to allocate the attorneys' fees among Plaintiffs' Counsel in a manner in which, in Class Counsel's judgment, reflects the contributions of such counsel to the prosecution and settlement of the Action.

5. In making this award of attorneys' fees and payment of litigation expenses, the Court has considered and found that:

   a. the Settlement Agreement with SocGen has created a fund of $35,000,000 in cash that SocGen has paid into escrow accounts pursuant to the terms of the Settlement Agreement;

   b. Class Members who or which submit valid Proofs of Claim and Release will benefit from the Settlement reached because of Class Counsel's efforts;

   c. Class Counsel has prosecuted the Action and achieved the settlement with skill, perseverance, and diligent advocacy;

   d. The Action involves numerous complex factual and legal issues and were actively litigated and, in the absence of the Settlement, would have involved lengthy proceedings with uncertain resolution of the numerous complex factual and legal issues;

   e. Had Class Counsel not achieved the Settlement with SocGen, there would remain a significant risk that Representative Plaintiffs and the Settlement Class may have recovered less or nothing from SocGen;

   f. The contingent nature, risks and complexity of the Action favor the fee awarded above;

g. Public policy considerations support the requested fee, as only a small number of firms have the requisite expertise and resources to successfully prosecute cases such as the Action;

h. Notice was disseminated stating that Class Counsel would be moving for attorneys' fees of not more than $7,000,000 (which is 20% of the Settlement Fund), and $500,000 to replenish the litigation fund established in this Action; and

i. The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable in view of the applicable legal principles and the particular facts and circumstances of the Action.

6. Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of this Order.

7. In the event the Settlement Agreement is terminated, or the Effective Date does not occur in accordance with the terms of the Settlement Agreement, this Order shall be null and void, of no further force or effect, and without prejudice to any of the Parties, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Parties.

8. Pursuant to the Settlement Agreement, the attorneys' fees and expense awards are independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement and are also independent of the Court's consideration of the Distribution Plan.

9. The attorneys' fees and payment of expenses awarded herein may be paid to Class Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Settlement Agreement which terms, conditions, and obligations

are incorporated herein.

**IT IS SO ORDERED.**

Signed this ___ day of _June_, 2024.

Honorable George B. Daniels
United States District Judge

5