**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FUND LIQUIDATION HOLDINGS LLC as assignee and successor-in-interest to Sonterra Capital Master Fund, Ltd., HAYMAN CAPITAL MASTER FUND, L.P., JAPAN MACRO OPPORTUNITIES MASTER FUND, L.P., and CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> - against - <br><br> UBS AG, UBS SECURITIES JAPAN CO. LTD., SOCIÉTÉ GÉNÉRALE S.A., NATWEST GROUP PLC, NATWEST MARKETS PLC, NATWEST MARKETS SECURITIES JAPAN LTD, NATWEST MARKETS SECURITIES, INC., BARCLAYS BANK PLC, BARCLAYS PLC, COÖPERATIEVE RABOBANK U.A., LLOYDS BANKING GROUP PLC, LLOYDS BANK PLC, NEX INTERNATIONAL LIMITED, ICAP EUROPE LIMITED, TP ICAP PLC, BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., MERRILL LYNCH INTERNATIONAL, AND JOHN DOE NOS. 1-50, <br><br> Defendants. | Docket No. 15-cv-5844 (GBD) |

**[PROPOSED]**
**ORDER GRANTING SERVICE AWARD**

This matter came for a duly-noticed hearing on June 18, 2024 (the "Fairness Hearing"), upon Class Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Expenses and Plaintiffs' Request for Service Award ("Fee and Expense Application") in the above-captioned action (the "Action"). The Court has considered the Fee and Expense Application and all supporting and other related materials, including the matters presented at the Fairness Hearing.

Due and adequate notice of the settlement agreement between Representative Plaintiffs'[1] and Defendant Société Générale ("SocGen") having been given to the Class Members, the Fairness Hearing having been held, and the Court having considered all papers filed and proceedings held herein, having found the Settlement to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court has personal jurisdiction over Representative Plaintiffs and Defendant SocGen (together, the "Parties") and all Settlement Class Members who have not timely and validly requested exclusion and subject matter jurisdiction over this Action to approve the Settlement Agreement and all exhibits attached thereto.

2. Notice of the Fee and Expense Application was provided to potential Settlement Class Members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements.

3. The Court hereby awards a Service Award as follows in recognition of the recipient's contributions and reasonable expenses related to this Action on behalf of the Settlement Class:

   a. $350,000 divided among the following three Representative Plaintiffs according to their contributions to the Action: (i) CalSTRS, (ii) Fund Liquidation Holdings, LLC, and (iii) Hayman Capital Master Fund, L.P.

---

[1] Representative Plaintiffs means the California State Teachers' Retirement System ("CalSTRS"), Fund Liquidation Holdings, LLC ("FLH"), individually and as assignee and successor-in-interest to Sonterra Capital Master Fund, Ltd., Hayman Capital Master Fund, L.P., and Japan Macro Opportunities Fund, L.P. Unless otherwise indicated, ECF citations herein are to the docket in *Fund Liquidation Holdings LLC, et al. v. UBS AG, et al. (Sonterra Capital Master Fund, Ltd., et al. v. UBS AG, et al.)*, No 15-cv-5844 (GBD) (S.D.N.Y.) (the "Action"), and internal citations and quotation marks are omitted. Unless otherwise defined, capitalized terms herein have the same meaning as in the SocGen Settlement Agreement (the "Settlement Agreement"). *See* ECF No. 738-1.

4.  Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of this Order.

5.  In the event the Settlement Agreement is terminated, or the Effective Date does not occur in accordance with the terms of the Settlement, this Order shall be null and void, of no further force or effect, and without prejudice to any of the Parties, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Parties.

6.  Pursuant to the Settlement Agreement, Service Awards are independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement and are also independent of the Court's consideration of the Distribution Plan.

7.  Any Service Award granted herein may be paid from the Settlement Fund upon entry of this Order, subject to the terms, conditions, and obligations of the Settlement Agreement which terms, conditions, and obligations are incorporated herein.

**IT IS SO ORDERED.**

Signed this 18 day of June, 2024.

_George B. Daniels_
Honorable George B. Daniels
United States District Judge